## STATE *v.* GARY *& al.*

The caption is no part of an indictment; its office is to state the style of the court at which, and the time and place when and where, the indictment was found, with reasonable certainty.

The caption of an indictment, alleging that it was found at a specified term of the Supreme Judicial Court, is not defective or imperfect, inasmuch as the terms of that court are fixed by public law, and when the term is stated, with the time and place of holding it, it is sufficiently stated and sufficiently appears, with reasonable certainty, whether it was found at a trial or law term of that court.

In every indictment the offence should be so described as not to leave it uncertain what the government really rely upon before trial to support the accusation, what they have relied upon after trial, or for what a conviction has been had, if one be obtained.

An indictment, charging the respondents with having conspired among themselves falsely and maliciously to charge *or* cause to be charged, and with having falsely and maliciously prosecuted *or* caused to be prosecuted, a certain person for a certain crime, is bad for uncertainty, and judgment thereon will be arrested, on motion.

INDICTMENT, the allegations of which sufficiently appear from the motion in arrest of judgment, and the opinion of the court, against three defendants for conspiracy.

The jury having found a verdict of guilty against E. G. Gary and H. A. Whitten, they moved in arrest of judgment, for the following causes :

1. That the indictment did not appear to have been found at any trial term of the Supreme Judicial Court, as it is alleged to be found at the Supreme Judicial Court only.

2. It is alleged in said indictment that the defendants did wickedly and maliciously conspire, combine and agree among themselves to charge, or cause to be charged one Martin V. B. Whitten of a crime or offence, liable by the laws of the State to be punished by confinement to hard labor, &c. ;

And that they charged or caused to be charged the said Martin V. B. Whitten before William C. Fox, Esq., a justice of the peace, in a complaint duly subscribed, &c. ;

And then, that they did prosecute or cause to be prosecuted the said Martin V. B. Whitten, &c. ; all of which allegations,

State *v.* Gary.

being in the disjunctive, are not sufficiently certain, definite and positive, and are not in such form as the law requires.

3. That what purports to be a complaint made to a justice of the peace, is introduced into the indictment as one of the means used to accomplish the object of the conspiracy, without any words to connect the same with the rest of the indictment, and was used as a part of the same, yet it is, in fact and legal construction, no part of it, but wholly distinct from it.

4. That said indictment is in other respects informal and defective.

*Z. Batchelder*, for the defendants, to the point that the indictment was bad for uncertainty, and this was good cause for arrest of judgment, cited 1 Chitty's Crim. Law 174, 231 ; Comyn's Dig., Indictment, G, 3 ; 4 Black. Com. 375 ; 1 Chitty's Crim. Law 661.

*Luther D. Sawyer*, Solicitor, for the State.

FOWLER, J.    The first ground of the motion in arrest of judgment is an alleged defect in the caption of the indictment, the same not stating it to have been found at a trial term of the Supreme Judicial Court, but at a particular term of that court, without designating whether it was a trial or law term thereof. This objection is not well founded.    The caption is no part of the indictment ; its office is to state the style of the court, the time and place when and where the indictment was found, and, in England and some of the States, the jurors by whom it was found ; and these particulars it must set forth with reasonable certainty.    Wharton's Criminal Law 150, and authorities cited ; 1 Chitty's Crim. Law 326 ; 1 Saunders 250, d, n, 1 ; 2 Hale's P. C. 165 ; Hawkins' P. C., b, 2, c, 25, secs. 16, 17, 118, 119, 120 ; Bacon's Abr., Caption ; Burns' Justice, Indictment, IX.

The caption to the present indictment sets forth the style of the court, and the time and place when and where the indictment was found, with sufficient certainty.    After naming the

State v. Gary.

State and county, it recites that at the Supreme Judicial Court, held at Ossipee, within and for the county of Carroll aforesaid, on the third Tuesday of November, 1856, the grand jurors for the State, &c. The terms of court are fixed by public law, and when the indictment is alleged to have been found at a term of the Supreme Judicial Court, held at Ossipee, on the third Tuesday of November, 1856, it is stated with sufficient certainty, and sufficiently appears from the statement that the indictment was found at the regular trial term of that court for Carroll county. To have added that it was found at such regular trial term would have given no additional valuable information, nor have made the averments of the style, and time and place of holding the court any more reasonably certain.

In some of the States it has been held that generally no caption is necessary to an indictment, or that, if omitted altogether, or if imperfect, the general records of the term will supply the defect. *State* v. *Wasden*, N. C. 270 ; *State* v. *Gilbert*, 13 Vt. 647 ; *State* v. *Smith*, 2 Harrington 532 ; *People* v. *Jewett*, 3 Wendell 319 ; *Reeves* v. *State*, 20 Alabama 33 ; *State* v. *Brickell*, 1 Hawks 354 ; 1 Saunders 250, n. d, 1.

But the second ground of the motion in arrest seems well taken, and fully sustained by authority. The offence in every case must be stated in such a way as not to leave it uncertain before trial what is really intended to be relied upon to support the accusation, what has been relied upon after trial, or for what a conviction is had, if one take place. The charge must contain such a description of the crime, that the respondents may know for what crime they are to answer, that the jury may appear to be warranted in their conclusion of guilty or not guilty, upon the premises delivered to them, and that the court may see such a definite crime that they may apply the punishment which the law prescribes. *State* v. *Follet*, 6 N. H. 53 ; *Rex* v. *Horne*, Cowper 682.

Thus, if an indictment charge the defendant with one or the other of two offences in the disjunctive, as that he murdered or caused to be murdered, forged or caused to be forged, conveyed

or caused to be conveyed, it is bad for uncertainty, and the existence of such defect is good cause for arresting judgment. Wharton's Cr. Law 172, 188 ; 2 Hawkins' P. C., chap. 35, sec. 58 ; *Rex* v. *Stocker*, 1 Salkeld 342, 371 ; *Rex* v. *Stoughton*, 2 Strange 900 ; *Rex* v. *Flint*, Hardwicke 370 ; 4 Black. Com. 375 ; 1 Chitty's Cr. Law 174, 231.

So where the statute on which a prosecution is founded enumerates the offences or the intent necessary to constitute such offences disjunctively, the indictment must charge them conjunctively, and in all cases where they are not repugnant, the proper course is to charge the offences conjunctively. Wharton's Criminal Law 172, 188, 194, and authorities ; 1 Chitty's Cr. Law 169, and authorities.

In the first clause of the first count of the indictment now under consideration, the defendants are alleged to have conspired among themselves to charge, *or* cause to be charged, one Martin V. B. Whitten with a crime or offence liable by the laws of the State to be punished by confinement to hard labor, and to prosecute said Whitten upon such charge to conviction. In the second clause of said count, they are alleged, in pursuance of said conspiracy, without just or probable cause, to have charged, *or* caused to be charged, said Whitten with a certain crime or offence, setting it forth in the words of the complaint. The third clause of the same count alleges the carrying out by the defendants of their conspiracy by causing Whitten to be prosecuted on the aforesaid charge until his acquittal, &c.

In the first clause of the second count the defendants are charged with conspiring together to charge, *or* cause to be charged, said Whitten with a State prison crime or offence. The second clause of the same count alleges that the defendants, in pursuance of said conspiracy, did prosecute, *or* cause to be prosecuted, the said Whitten for said offence upon said charge until he was acquitted thereof.

Both counts of the indictment, therefore, seem clearly open to the objection that they leave it entirely uncertain whether before trial the government intended to rely, or after verdict had

State *v.* Gary.

relied, upon proving the defendants guilty, or after judgment the defendants had been convicted of actually charging Whitten with the offence referred to, or of causing him to be charged by others with that offence ; of having themselves prosecuted, or caused him to be prosecuted by others for that offence. And although it may be equally an offence to conspire falsely to charge another with a crime of which he is innocent, and to conspire to cause him to be falsely charged with such offence by others, and to prosecute, or cause him to be prosecuted by others for such offence, yet it is apparent the offences are distinct and different, accomplished in different ways and by different means, and to be proved by different evidence ; and a conviction, under an indictment charging both offences disjunctively, could not and would not show of which offence the respondents had been found guilty by the jury ; nor, if the two offences were subject to different punishments, enable the court to determine from the record what punishment should be directed by their judgment ; nor could the record of a conviction under such an indictment be properly or safely pleaded in bar to a subsequent prosecution for either offence.

The motion in arrest of judgment, on the second ground taken, should therefore prevail, and

*The judgment must be arrested.*