[Crim. No. 18. Fourth Appellate District.—January 23, 1930.]

In the Matter of the Application of JAMES A. REID for a Writ of Habeas Corpus.

B. M. Benson for Petitioner.

Ray B. Carter, Deputy District Attorney, for Respondent.

SLOANE, P. J.—The defendant in the above-entitled matter seeks discharge, under a writ of *habeas corpus*, from a commitment of the examining magistrate on preliminary examination in the Justice's Court of the third township of the county of Fresno, under a complaint charging defendant with manslaughter, and failure to stop and render assistance after an automobile accident. It is the claim of petitioner that the evidence introduced on the preliminary hearing is insufficient to show probable cause for the order of commitment.

The transcript of the evidence taken on the examination is before us. It sufficiently appears that one Clarence Lindstrum was, on the night of November 18, 1929, killed by being run into by an automobile. He was apparently walking in a westerly direction on Tulare Avenue, a high-

way near the city of Fresno. There were no eye-witnesses of the tragedy, and the connection of the defendant therewith rests wholly upon circumstantial evidence.

We think, however, the evidence is sufficient to show probable cause for a finding that the deceased was struck and killed by an automobile driven by the defendant. There is, however, nothing to support the conclusion that the accident was occasioned by the criminal negligence of the driver. The automobile was being driven in its legitimate operation on the highway. The doctrine of *res ipsa loquitur* does not apply, and in order to constitute the killing of Mr. Linstrum manslaughter, the burden is on the People to show that the act was the result of the driver's negligence. If the only basis for the commitment was the charge of manslaughter we might be justified in holding that the proof was insufficient to establish probable cause. The order of commitment, however, is based upon the further complaint that after the accident the driver of the car failed to stop and render assistance. The evidence in the record sustains the proposition that this was the fact, and if the identity of the defendant as the driver of the car is sufficiently shown, the commitment must be sustained on the charge of failing to stop and render assistance.

The evidence indicates that the deceased was walking along the highway after dark, in a westerly direction; that the car which ran into him approached him from behind. The body was found on the southerly or left-hand side of the pavement. It does not appear, however, just the location of the parties when the impact occurred, and it cannot therefore be inferred that the automobile was being driven on the wrong side of the street.

The identity of the car, however, is sufficiently established by the finding at the scene of the accident a license number corresponding with one missing from defendant's automobile, and from broken glass corresponding with the glass of headlights of defendant's automobile, and the fact that shortly after the accident the defendant drove his car into a garage in Fresno, showing the condition just referred to. It also appears that the radiator was mashed in and had been leaking at the scene of the accident. There was evidence on the pavement of rusty water dripping westerly from the scene of the accident, accumulating in

a pool where the car had apparently been slacked up, and then continuing on in the direction of Fresno. There also appears in evidence the statement of the defendant that he had been driving the car in the country to the east of Fresno that evening, and that it had not been in the possession of any other person. He denied, however, that he had been driving on Tulare Avenue, but stated that he came into Fresno on Blackstone Avenue. The circumstances, however, unexplained, are sufficient to establish probable cause for finding that the death car was being driven by defendant and that he failed to stop to render assistance after the tragedy. The body was found lying near a ranch-house, where notice would naturally have been given to the people residing there, had there been any attempt to render assistance.

For the reasons stated the discharge of defendant is denied.

Barnard, J., and Marks, J., concurred.

A petition for a rehearing of this cause was denied by the District Court of Appeal on February 5, 1930.