[Crim. No. 104.  Fourth Appellate District.—June 20, 1930.]

THE  PEOPLE,  Respondent,  v.  JAMES  A.  REID,
Appellant.

B. M. Benson for Appellant.

U. S. Webb, Attorney-General, and John D. Richer, Deputy Attorney-General, for Respondent.

CARY, P. J.—The defendant was charged in the information with manslaughter in the first count and a violation of ·section 141 of the California Vehicle Act in the second. The jury was unable to agree on the first count. The second count, from a conviction on which defendant appeals, is as follows:

"Second Count. The District Attorney of the County of Fresno hereby accuses James A. Reid of a felony, to-wit: Failure to Stop and Render Assistance (Violation of Section 141 of the California Vehicle Act), in that on or about the 18th day of November, 1929, in the County of Fresno, State of California, while driving a motor vehicle, the said James A. Reid collided with and struck one Clarence T. Linstrum, which said collision and striking thereby resulted in the injury and death of the said Clarence T. Linstrum; that after colliding with and striking the said Clarence T. Linstrum with the motor vehicle which he, the said James A. Reid was then and there driving, the said James A. Reid did not immediately thereafter render to the said Clarence T. Linstrum, injured by the said collision, reasonable assistance, in that he did not carry the said Clarence T. Linstrum to a physician, surgeon or hospital for medical or surgical treatment, it being apparent at such time that such treatment was necessary."

There was no eye-witness to the accident, but the evidence showed that Linstrum had been seen walking along the highway in a westerly direction about 8:30 o'clock on the night in question. An automobile likewise traveling

westward in the same vicinity at a high rate of speed struck some object with sufficient force to cave in the bar upon which the front license plate was fastened and to cave in the radiator and the front portion of the hood, giving evidence of a terrific impact. The car was seen to stop, back up, stop and then drive away all within a brief space of time. A few minutes thereafter Linstrum was discovered lying on the road crushed and mangled and various articles carried on his person prior to the accident were found scattered along the roadway at intervals over a distance of approximately 130 feet. Broken portions of a headlight lens identical with the lens in the defendant's car and one of the license plates from defendant's car were found near the scene. Without giving the evidence in detail it may be said that the circumstances left no reasonable doubt but that the car driven by defendant had caused the death of Linstrum.

The court instructed the jury in part as follows:

"You are instructed that the California Vehicle Act provides as follows:

" 'Duty to Stop in Event of Accident: The driver of any vehicle involved in an accident resulting in injury or death to any person shall immediately stop such vehicle at the scene of such accident,' and 'shall also give his name, address and the registration number of his vehicle and exhibit his operator's or chauffeur's license to the person struck or to the driver or occupants of any vehicle collided with, and shall render to any person injured in such accident, reasonable assistance, including the carrying of such person to a physician, surgeon, or hospital for medical or surgical treatment, if it is apparent that such treatment is necessary, or such carrying is requested by the injured person,' and 'any person failing to stop or to comply with said requirements under such circumstances shall be guilty of a felony.' "

"You are instructed that the failure on the part of any person to do or perform any one of the acts required by section 141 of the California Vehicle Act, as defined for you in these instructions, is a separate offense, and, therefore, even though the defendant complied with one or more of the requirements of said section, he may still be convicted of the violation of said section, if you find

from the evidence, beyond a reasonable doubt, that he failed to do one or more of the acts required by said section."

"Therefore, under the second count of the information in this case, you may render any two of the following verdicts:

"First: Guilty of a violation of Section 141 of the California Vehicle Act in not immediately stopping his vehicle at the scene of such accident;

"Second: Not guilty of a violation of Section 141 of the California Vehicle Act in not immediately stopping his vehicle at the scene of such accident;

"Third: Guilty of a violation of Section 141 of the California Vehicle Act in not rendering to the person injured in such accident reasonable assistance;

"Fourth: Not guilty of a violation of Section 141 of the California Vehicle Act in not rendering to the person injured in such accident reasonable assistance;

Two verdicts were returned as follows:

"We, the jury in the above entitled action, find the defendant James A. Reid guilty of a violation of section 141 of the California Vehicle Act in not rendering to the person injured in such accident reasonable assistance. R. S. McLellan, Foreman."

"We, the jury in the above-entitled action, find the defendant James A. Reid guilty of a violation of section 141 of the California Vehicle Act in not immediately stopping his vehicle at the scene of such accident. R. A. McLellan, Foreman."

The judgment, after reciting the various proceedings had prior to and during the trial, also included copies of the two verdicts and then contained the following:

"That whereas, the said James A. Reid having been convicted of a crime of Violation of section 141 of the California Vehicle Act, as charged in the second count of the information,

"It is therefore ordered, adjudged and decreed, That the said James A. Reid, be punished by imprisonment in the State Prison of the State of California, at San Quentin, California, until legally discharged, and that the sentence on each verdict of conviction run concurrently."

Defendant assigns some 28 errors, most of which concern rulings on evidence and the balance instructions, misconduct of the district attorney, insufficiency of the evidence to sustain the verdicts, and denial of defendant's application to withdraw his plea to the first count in order that he might move to set that count aside.

Defendant, after entering a plea of not guilty to the first count, made application to this court for a writ of *habeas corpus* upon the ground that the evidence adduced at the preliminary hearing failed to show the probable cause requisite to hold him for trial in the superior court. This court, after a hearing, dismissed the proceedings, and remanded defendant to the custody of the sheriff (*In re Application of James A. Reid for Writ of Habeas Corpus,* 103 Cal. App. 380 [284 Pac. 518]). Based on certain language in that decision defendant made application to the superior court to withdraw his plea to the first count for the purpose of moving to set aside that count, which application was denied. As there may be a retrial under that count we will here consider the correctness of this ruling.

Defendant's entire argument is based on the premise that, this court having expressly held there was no probable cause shown for binding over the defendant for trial on the first count of the information, the superior court erred in refusing to allow him an opportunity to move to set aside that count. It is true that the following language is found in the opinion: "There is however nothing to support the conclusion that the accident was occasioned by the criminal negligence of the driver." However, the court later says: "If the only basis for the commitment was the charge of manslaughter we might be justified in holding that the proof was insufficient to establish probable cause," thus clearly showing that no express holding was made on that point, since none was necessary. There was thus no error in the denial of the motion.

Defendant assigns as prejudicial error the language used in a number of instances by the district attorney in his closing argument. A review of the record shows, however, that in practically all instances complained of the court carefully admonished the jury to disregard these remarks and in the few instances where no admonition

was given the remarks were well within the legitimate field of argument.

We have carefully examined the record regarding rulings on evidence and find no errors of sufficient importance to be considered prejudicial.

Counsel for defendant asserts with great earnestness that the evidence is insufficient to support the verdict of guilty on the second count. The argument is as follows: First, but one offense was charged in that count, namely, failure to render assistance in that defendant did not carry Linstrum to a physician, surgeon or hospital for treatment, it being apparent that such treatment was necessary. Second, the evidence shows without contradiction that Linstrum died immediately. And third, instead of it being apparent as charged in the information that it was necessary to carry Linstrum to a physician, surgeon or hospital for treatment, it was on the contrary apparent that Linstrum was beyond all need for any such treatment and therefore defendant was under no duty to carry Linstrum anywhere.

The first of these contentions must be sustained, as will be more fully developed later. ▮ Now as to the second— the immediate death of Linstrum. While counsel quotes testimony of a physician who gave as his opinion that Linstrum died instantly from the injury, yet there is evidence in the record which if believed by the jury might well have led to a contrary conclusion. The witness Crumley while driving east on this same road passed Linstrum shortly before the accident. Crumley just as he stopped at a farmhouse near by heard the sound of the impact without then realizing what had happened. In order to make clear the interval of time elapsing between the impact and the time Crumley discovered Linstrum lying on the highway we give his testimony at this point in some detail. He saw the lights of a car which other testimony clearly showed to be that driven by the defendant stop for approximately thirty seconds, then back up, then stop another thirty seconds and then drive on. Crumley then went into the ranch-house on an errand which took approximately three minutes and then entered his car and drove west about 150 feet when he discovered Linstrum lying in the roadway. He then testifies that he ran to the nearest house and told the occu-

pant "there was a man lying out in the roadway and he was not quite dead yet." When asked how he knew the man was not dead he replied: "His fingers were moving." It is thus apparent that the jury had ample evidence upon which they could have found that Linstrum lived for several minutes after the accident and was in need of assistance, which included being carried to a physician for treatment. The argument of counsel that no assistance was necessary being based as it is upon a false premise is without merit.

Nothing herein should be construed as holding that even where a person is killed instantly, the driver whose vehicle caused the death is relieved from the necessity of rendering reasonable assistance, since that situation is not before us for decision.

Now as to whether the second count charges two offenses or merely one. Appellant maintains that but one offense was charged, namely, failure to render assistance in that defendant did not carry the injured person to a physician, surgeon or hospital for medical or surgical treatment, it being apparent at such time that such treatment was necessary. Counsel for respondent insists that the second count charges not only the offense conceded by appellant, but also failure to stop immediately. A careful examination of that count shows that, except for the following: "The District Attorney of the county of Fresno hereby accuses James A. Reid of a felony to-wit Failure to Stop and Render Assistance (Violation of section 141 of the California Vehicle Act)." No mention of the failure to stop is made therein. The remainder of the count relates exclusively to the failure to render assistance. It could hardly be contended that an information containing merely the words quoted above would be a sufficient charge of either failure to stop, or failure to render assistance under section 141 of the California Vehicle Act. It is therefore clear that under the second count defendant stood charged only with failure to render assistance in not carrying Linstrum to a physician, surgeon or hospital for medical or surgical treatment, it being apparent at such time that such treatment was necessary.

While it is true that a failure to do any one of the several acts required by section 141 of the California Vehicle Act is a separate offense (*People* v. *Scofield*, 203

Cal. 703, 710 [265 Pac. 914]), yet the trial court in giving the instruction quoted above regarding possible verdicts told the jury that they might find the defendant guilty of not immediately stopping his vehicle at the scene of the accident—an offense with which he was not charged—and further, the jury returned such a verdict. Obviously this was error.

As to the offense with which defendant was actually charged in the second count of the information and of which he was found guilty we find the judgment to be amply supported by the evidence and the record to be free from prejudicial error. The error regarding the alleged charge of failure to stop may, under the provisions of Penal Code, section 1260, be rectified by this court.

That part of the judgment relating to the charge of failure to stop is reversed and that part relating to the charge of failure to render assistance is affirmed.

Barnard, J., and Marks, J., concurred.

A petition for a rehearing of this cause was denied by the District Court of Appeal on June 30, 1930.