STATE, Respondent, v. McGAUGHEY, Appellant.

(187 N. W. 717.)

(File No. 4918.    Opinion filed April 10, 1922.    Rehearing denied
May 16, 1922.)

1.   **Criminal Law—Former Acquittal—Using Instrument Upon Pregnant Woman, With Intent to Destroy Child, Child's Death Resulting, Dismissal of Prosecution on Evidence on State's Motion, Whether Bar to Prosecution for Identical Crime.**

Where State's evidence on former trial of defendant, under an information charging him with advising and procuring H, then pregnant with a quick child, to use a catheter in a manner and with intent to destroy the life of the child, and that child's death was thereby produced was at close of trial, on defendant's motion stricken out, and action dismissed upon motion of state's attorney; held, construing Sec. 4022, Code 1919, providing that one who administers to a woman pregnant with a quick child or who prescribes for said woman or who advises or procures such woman to take any medicine, etc., or to use or employ any instrument * * with intent thereby to destroy such child, unless same shall have become necessary to preserve mother's life, is; in case death of child or of mother is thereby produced, guilty of a crime,—that the proceedings at said trial would be a bar against a prosecution for the identical crime for which accused was then on trial.

2.   **Same—Former Jeopardy—First Information Charging Intent to Destroy Child's Life, Death Resulting, Evidence, Whether Sustaining Conviction Re Charge of Causing Mother's Death—Two Statutory Offenses From Same Acts—Non-prejudice Re Rejecting Evidence of Former Dismissal as Bar.**

Where, under said Sec. 4022, the facts alleged in former information charging defendant with advising and procuring H,

pregnant, etc., to use said instrument with intent to destroy the child's life its death resulting—are identical with those relied upon under the present information, charging defendant with using and employing an instrument in and upon the body of H., pregnant, etc., with intent to destroy such child, thereby causing the death of the mother; yet, under said statute, two distinct crimes may result from the doing of the same act, i. e. the unlawful death of an unborn quick child, or the death of the mother; (following State v. Caddy, 15 S. D. 167,) the plea of former jeopardy will be vicious if the offense charged be perfectly distinct in point of law, however nearly they may be connected in point of fact; and unless the first of the two indictments was such as the prisoner might have been convicted upon by proof of facts contained in the second, an acquittal or conviction in the first can be no bar to the second. Therefore, held, that the act charged in the first information as done "with intent to destroy the life of the child," and resulting in its death, if proved would not sustain conviction in instant case charging such act as having caused death of the mother, and trial court did not commit prejudicial error in excluding evidence of the proceedings on the former trial as a bar.

3. Criminal Law—Charging Procuring Pregnant Mother's Death Through Defendant's Use of Instrument With Intent to Destroy Quick Child's Life—Evidence Showing Mother's Use of Instrument, Whether Sustaining Conviction.

Under an information charging defendant with wilfully, etc., using and employing an instrument in and upon the body of H, then pregnant with a quick child, with intent thereby to destroy such child, thereby causing the death of the mother, held, that, there being no evidence tending to show that accused used any instrument upon the body of H, the State's evidence going no farther than tending to prove he advised H to use "an instrument," that pusuant to the advice she did use it, verdict of conviction was not warranted; it further appearing that case was submitted to jury upon plea of not guilty of the crime charged in the latter clause of Sec. 4022, Code 1919, viz., the using or employing of an instrument with intent, etc.

4. Same—Procuring, Advising Procuring Woman to Take Medicine, Etc., Or Use, Etc., Instrument, As Guilty.

Under said Sec. 4022, any person who prescribes, advises or procures a woman to take any medicine, drug or substance whatever, or to use or employ any instrument or other means with intent thereby to destroy such child," etc., is guilty; and the contention that only one who himself uses and employs an instrument with such intent, is guilty, is untenable.

5. Criminal Law—Statutes—Judicial Construction—Non-judicial Inquiry Into Legislative Motive.

Courts may not extend criminal statutes to acts not within terms of legislative language defining criminal acts, but must interpret and apply same as written, when language is plain and unambigious; nor will Court inquire why Legislature should declare advising use of a drug for wrongful purposes to be criminal while not declaring the advising of the use of an instrument for like purposes to be criminal; and whether such act ought to have been forbidden is for Legislature to determine.

**6.  Criminal Law—Prescribing, Advising, Procuring, Pregnant Woman to Take Medicine, Or Using, Advising, Use of Instrument —Advising Use As Criminal Act.**

Under statutes of many states declaring that prescribing or advising or procuring any woman to take any medicine, etc., or using or advising use or employment of any instrument, etc., with intent, etc., is a crime, the advising the use, etc., is made criminal equally with advising the taking of any medicine, etc.

**7.  Same—Charging Use of Instrument Upon Pregnant Woman's Body, With Intent to Destroy Quick Child's Life, Mother's Death Resulting, Whether Charging Aiding Attempted Suicide, Or Advising Suicide—Statute.**

An information charging defendant with wilfully, etc., using and employing an instrument upon the body of H, then pregnant with quick child, with intent to destroy such child, thereby causing death of the mother, does not charge the crime of aiding an attempt to commit suicide or advising suicide, as defined by Secs. 4001-4003, Code 1919.

Appeal from Circuit Court, Turner County.  Hon. JOHN T. MEDIN, Judge.

The defendant, J. W. McGaughey, was convicted of the crime of unlawfully, etc., using and employing an instrument upon the body of Lottie Henning, then pregnant with a quick child, with intent to destroy such child, thereby causing the death of the mother, and he appeals.  Reversed.

C. L. Jones, Frank Vincent, and Kirby, Kirby & Kirby, for Appellant.

Byron S. Payne, Attorney General, and A. S. Bogue, State's Attorney, for Respondent.

(2)  Under point two of the opinion, Appellant cited:  State v. Kieffer, 17 S. D. 67; Ex parte Nesson, 25 S. D. 330; State v. Barnes, 26 S. D. 268.

Respondent cited:  State v. Broderick (Ia.), 183 N. W. 310; State v. Caddy, 15 S. D. 167; 16 C. J. 264.

(6)   To point six, respondent cited: Wharton on Homicide, Sec. 378; People v. Commonwealth, 87 Ky. 487.

SMITH, J.   Appellant was convicted in the circuit court of Turner county upon an information charging that the accused— "willfully, unlawfully, and feloniously used and employed an instrument in and upon the body of Lottie Henning, a woman then and there pregnant with a quick child, the true name of said instrument and the manner of the use thereof being to this informant unknown, with intent thereby to destroy such child with which said child said Lottie Henning was then and there pregnant, and the use and employment of said instrument was not then and there necessary to preserve the life of said mother, Lottie Henning, and by the use and employment of said instrument the death of said mother was thereby produced."

This appeal is from the judgment and an order overruling a motion for a new trial.   Appellant pleaded not guilty, and also a plea of former acquittal.   To sustain the latter defense, accused offered in evidence records of the circuit court of Turner county disclosing, in substance, that an information had been theretofore filed against him charging him with advising and procuring Lottie Henning, then pregnant with a quick child, to use a catheter in a manner and with intent to destroy the life of the child, and that the death of the child was thereby produced; that the cause proceeded to trial, and the jury was duly impaneled and sworn, and evidence taken which was, in substance, the same as that received at the present trial, except that alleged dying declarations of Lottie Henning were excluded; that at the close of the trial, upon defendant's motion, the state's evidence was stricken out, and the action dismissed upon motion of the state's attorney.   The records so offered were objected to as immaterial, and excluded by the trial court, and error is assigned.

Section 4022, R. C. 1919:

"Every person who administers to any woman pregnant with a quick child, or who prescribes for such woman, or who advises or procures any such woman to take any medicine, drug or substance whatever, or who uses or employs any instrument or other means with intent thereby to destroy such child, unless the same shall have been necessary to preserve the life of such mother, is

guilty, in case the death of the child or of the mother is thereby produced, of manslaughter in the first degree."

[1]  It is quite apparent that both informations were framed under this section of the Code. It is clear that the proceedings at the former trial would be a bar against a prosecution for the identical crime for which the accused was then on trial.

[2]  It is appellant's contention that the crime charged in the first information is identical with that proved at the present trial, and that an acquittal of such act is a bar to a second prosecution for the same act. It is true that the facts alleged in the former information are identical with those relied upon under the present information, with a single exception, namely, that in the former information the act was alleged to have been done with intent to produce the death of a quick child, and resulted in its death, while in the present information, the charge is that the act was done with intent to destroy a quick child, which act resulted in the death of Lottie Henning, the pregnant woman. It is clear that under this statute two distinct crimes may result from the doing of the same act, namely, the unlawful death of an unborn quick child, or the death of the mother.

This precise question was put at rest by this court in accordance with the quite unanimous rulings of other courts in the case of State v. Caddy, 15 S. D. 167, 87 N. W. 927, 91 Am. St. Rep. 666, wherein this court, quoting with approval the language of Chief Justice Shaw in Commonwealth v. Roby, 12 Pick. (Mass.) 496, says:

"The plea will be vicious if the offenses charged in the two indictments be perfectly distinct in point of law, however nearly they may be connected in fact. * * * Unless the first of the two indictments was such as the prisoner might have been convicted upon by proof of the facts contained in the second, an acquittal or conviction on the first can be no bar to the second."

In the present case the act charged in the first information done "with intent to destroy the life of the child," and resulting in the death of the child, if proved, would not sustain a conviction in this case, wherein such act is alleged to have caused the death of the mother. The trial court therefore did not err in excluding the evidence, and the accused was not prejudiced by the refusal of the trial court to submit the issue of former jeo-

pardy to the jury, there being no competent evidence to sustain such plea.

[3] Appellant's next contention is that the evidence is insufficient in law to sustain a conviction, in that the act of using the instrument is shown by the evidence to have been done by the deceased, Lottie Henning, herself, and not by appellant; and, no criminal homicide being shown, appellant could not become an accessory before the fact, nor be convicted as principal. There is no evidence whatever tending to show, and it is not claimed, that the accused ever used an instrument upon the body of Lottie Henning. The utmost that can be said for the state's evidence is that it tends to prove that the accused advised Lottie Henning to use "an instrument," and that, pursuant to such advice, she did use "an instrument," from the effects of which use she died.

[4] Under section 4022, supra, "any person who prescribes, advises or procures a woman to take any medicine, drug or substance, whatever, or who uses or employs any instrument or other means with intent thereby to destroy such child," etc., is guilty. It is appellant's contention that, while the act of prescribing, giving, or advising a woman to take any medicine, drug, or substance with intent, etc., constitutes a crime, the statute is not directed against one who advises the use or employment of an instrument with intent, etc., and that only the person who himself uses or employs an instrument with intent, etc., is guilty. We are of the view that the language of the whole section is such as to preclude any other interpretation than that contended for by appellant.

[5] Courts are not at liberty to extend criminal statutes to acts not within the terms or language used by the Legislature in defining criminal acts, but must interpret and apply a criminal statute as it is written, when its language is plain and unambiguous. It is not the function of this court to inquire why the Legislature should declare advising the use of a drug for such wrongful purpose to be criminal while not declaring the advising the use of an instrument for a like purpose to be criminal. And it would be equally a perversion of judicial functions for this court, by specious reasoning or strained construction of the language used in the statute, to attempt to extend it to include acts not within its terms, on the theory that, because we may be of the

view that such act ought to have been forbidden, we may assume that the Legislature intended to forbid.

[6] Statutes exist in many states which declare that prescribing or advising or procuring any woman to take any medicine or drug or substance, or using or advising the use or employment of any instrument or other means, with intent, etc., is a criminal act. Under this class of statutes advising the use of an instrument is made criminal equally with advising the taking of any medicine, drug, or substance.

[7] The information does not charge the accused with the crime of aiding an attempt to commit suicide, or of advising suicide, as defined by sections 4001, 4003, R. C. 1919.

We are of the view that the evidence is insufficient, under the statute, to sustain the conviction in this case, as there is no evidence whatever that the accused himself ever made use of any instrument upon the body of Lottie Henning. It conclusively appears from the language used in the ninth instruction of the trial court contained in the record that the case was submitted to the jury upon the plea of not guilty of the crime charged in the latter clause of section 4022, supra.

There being no evidence to sustain a conviction under that clause, the judgment and order of the trial court must be reversed.