STATE, Respondent, v. HANNO, Appellant.

(238 N. W. 23.)

(File No. 7157. Opinion filed September 21, 1931.)

*Tom Kirby,* of Sioux Falls, for Appellant.

*M. Q. Sharpe,* Attorney General, *Herman L. Bode,* Assistant Attorney General, and *Rexford M. Sheild,* State's Attorney, of Salem, for the State.

WARREN, J.   An information was presented and filed in the circuit court of McCook county, charging Lester Hanno with driving a Reo automobile truck on the public highway within McCook county, S. D., and that, while so driving the truck, he collided with a passenger automobile driven by Charles Brown.   Charles Brown was seriously injured in the collision.   In addition to being charged with the failure to stop, the information contained a second count. A certain portion thereof is material to this case and is as follows: "The said Lester Hanno also wilfully, unlawfully and feloniously neglected and failed to give his name and address, and the registration number of the said Reo Automobile Truck which he was then

and there driving to the said Charles Brown, the driver and sole occupant of the said Auburn Automobile aforesaid, and also wilfully, unlawfully and feloniously neglected and failed to render to said Charles Brown, the person injured in such accident, reasonable assistance, which reasonable assistance had the same been rendered by said Lester Hanno, would have included the carrying of said Charles Brown, the person injured in said accident, to a physician or surgeon for medical treatment he the said Charles Brown being so severely injured in said accident that it was apparent that it was necessary that the said Charles Brown, have immediate medical treatment and care by a physician or surgeon, contrary to the form of Statute in such case made and provided and against the peace and dignity of the state of South Dakota."

The defendant entered a plea of guilty in the circuit court, qualifying his plea of guilty by stating that he failed to give his name and address and registration number of the motor vehicle, and that he did fail to render to Charles Brown, the person injured in such accident, reasonable assistance, including the carrying of Brown to a physician or surgeon for medical treatment, it being apparent that such treatment was necessary.

The state, before accepting the plea, in open court conceded and admitted that the defendant, as driver of the motor vehicle, immediately stopped said vehicle at the scene of the accident. The court upon the qualified plea, as aforesaid, entered its judgment covering the portion of count II, as hereinbefore quoted. The judgment and order provided that the defendant be imprisoned in the county jail of Minnehaha county for a period of five months, from which said judgment of the trial court the defendant appeals to this court and has assigned as error the sentencing of the appellant to imprisonment in the county jail for a period of five months, alleging that under the Motor Vehicle Act, chapter 251, of the Laws of 1929, the limit which the appellant could be sentenced to imprisonment was ten days.

The Uniform Motor Vehicle Act, enacted by the Legislature of South Dakota and found in the South Dakota Session Laws of 1929, p. 297, c. 251, enacted, among other provisions, section 30, which is as follows:

"Section 30. Duty to Stop in Event of Accident. (a) The driver of any vehicle involved in an accident resulting in injury or

death to any person shall immediately stop such vehicle at the scene of such accident and any person violating this provision shall upon conviction be punished as provided in Section 65 of this act.

"(b) The driver of any vehicle involved in an accident resulting in damage to property shall immediately stop such vehicle at the scene of such accident and any person violating this provision shall upon conviction be punished as provided in Section 62 of this act.

"(c) The driver of any vehicle involved in any accident resulting in injury or death to any person or damage to property shall also give his name, address, and the registration number of his vehicle and exhibit his operator's or chauffeur's license to the person struck or the driver or occupants of any vehicle collided with and shall render to any person injured in such accident reasonable assistance, including the carrying of such person to a physician or surgeon for medical treatment if it is apparent that such treatment is necessary or is requested by the injured person."

Among the penalties prescribed, we find section 65, which reads as follows: "Penalty for Failure to Stop in Event of Accident Involving Injury or Death to a Person. Every person convicted of violating Section 30 (a) of this act relative to the duty to stop in the event of certain accidents shall be punished by imprisonment in the county or municipal jail for not less than thirty days nor more than one year or in the state prison for not less than one nor more than five years or by fine of not less than one hundred dollars nor more than five thousand dollars or by both such fine and imprisonment."

Section 62 reads as follows:

"Penalties for Misdemeanors. (a) It shall be unlawful and constitute a misdemeanor for any person to violate any of the provisions of this act unless such violation is by this act or other law of this state declared to be a felony.

"(b) Every person convicted of a misdemeanor for a violation of this act for which another penalty is not provided shall for a conviction thereof be punished by a fine of not more then one hundred dollars or by imprisonment in the county or municipal jail for not more than ten days; for a second such conviction within one year thereafter such person shall be punished by a fine

of not more than two hundred dollars or by imprisonment in the county or municipal jail for not more than twenty days or by both such fine and imprisonment; upon a third or subsequent conviction within one year after the first conviction such person shall be punished by a fine of not more than five hundred dollars or by imprisonment in the county or municipal jail for not more than six months or by both such fine and imprisonment."

An examination of the Uniform Motor Vehicle Act, as proposed by the committee on uniform legislation and as enacted in a number of states, discloses the fact that the Legislature, in the drafting thereof and in enacting our Uniform Motor Vehicle Act, especially section 30, followed the act practically verbatim, excepting in subdivision (a) thereof in prescribing the penalty. The same is also true of subdivision (b) of section 30, but in section 30, subdivision (c), the Legislature omitted the penalty and enacted it word for word excepting that the proposed Uniform Motor Vehicle Acts closes with the words, "Any violation of this subdivision shall constitute a misdemeanor."

It is quite apparent from the analysis of the statute, and especially section 30, that the Legislature meant to impose different penalties for violations under the different subdivisions of said section. The state having conceded that the defendant stopped, subdivision (a) of section 30, and the penalty therein provided for, is eliminated from consideration. Subdivision (b) of section 30, under the wording of the information, is likewise eliminated from consideration. That leaves subdivision (c) of section 30 for consideration. Section 65 is very specific as to which the specific subdivision shall apply to. The language is quite plain that it applies to section 30, subdivision (a) only, for it distinctly says: "Every person convicted of violating Section 30 (a) of this act relative to the duty to stop in the event of certain accidents." The mandate of the statute is strict and specific and will not permit us to stretch it to cover any other subdivision than that to which it specifically refers and alludes. It is quite apparent that the learned trial court had in mind the penalty of section 65 when the judgment of imprisonment of the defendant was made and entered instead of the penalty as provided for in subdivision (b) of section 62. It will be observed that, in the enactment of the subdivision (c) of section 30, the Legislature omitted the penalty of the Uni-

form 'Motor Vehicle Law which we have heretofore referred to, but did make provision for the penalty of section 30, subdivision (c), by stating in subdivision ('b) of section 62 as follows: "Every person convicted of a misdemeanor for a violation of any of the provisions of this act for which another penalty is not provided shall for a conviction thereof be punished by a fine," etc.

It seems plain from a reading of the statutes and the different subdivisions of section 30, and the wording of the penalties, that the court erred in making and entering its judgment.

The judgment appealed from is reversed; the circuit court is directed to enter its judgment consistent herewith.

POLLEY, P. J., and CAMPBELL and RUDOLPH, JJ., concur.

ROBERTS, J., disqualified and not sitting.