# STATE OF SOUTH DAKOTA, Respondent, v. CLARK, Appellant

## (290 N. W. 237.)

(File No. 8281.   Opinion filed February 10, 1940.)

134

**H. A. Doyle** and **Frank Biegelmeier,** both of Yankton, for Appellant.

**Leo A. Temmey,** Atty. Gen., and **H. O. Lund,** Asst. Atty. Gen., for Respondent.

ROBERTS, J.  Defendant appeals from a judgment entered upon the verdict of the jury finding him guilty upon each of two counts and from the order denying him a new trial.  The first count of the information charging the commission of the crime of reckless driving was dismissed.  The second count charged that defendant, the driver of a motor vehicle involved in an accident resulting in the death of William H. Eckart, did not immediately stop such vehicle at the scene of the accident.  The third count charged the commission of the crime of failing to make a report of the accident.

The facts out of which each of these charges arose were that on July 30, 1938, between the hours of 1 and 2 o'clock in the morning, William H. Eckart was struck by an automobile driven by the defendant.  Eckart rode with C. A. Pearson, enroute from Steele City, Nebraska, to Yankton, South Dakota.  They arrived in Yankton in the evening and about midnight parked their car in a roadway in the outskirts of the city.  On the north of this trail was a cornfield and on the south a stubble field.  The defendant, an employee of the state hospital for the insane, returning to the institution drove his car into the trail from the east.  He was accompanied at and prior to the time of the casualty

by one Louise Miller. As defendant approached the Pearson car parked in the trail, he turned to the left to avoid the cornfield. The car struck Eckart who was lying on the ground a few feet south of the Pearson car. Defendant testified that he believed the object which he struck to be a rock. Miss Miller testified that she remained seated in the car and that when they left the scene of the accident she did not know that a person had been struck. From the state's evidence the jury could and did reach the conclusion that defendant knew that he struck someone. Pearson testified: "Defendant says, 'I am stuck here on a rock.' I said, 'Well, I thought there was a man lying there. There was a little while ago, I know, and I believe you have run over him.' Defendant got out of his car at that time. He got back in his car and started to go ahead a little bit and could only go about a couple of feet, seems like, and he did that two or three times and then got out again and walked around his car. I had my flash light and I held it right down under the car. * * * Finally I got him to look under it and when defendant looked under there with my flash light he saw this man and then he goes around on the south side of his car and gets in his car. * * * And he backs up about thirty feet. He had a hard time moving the car, first backwards and forwards a half dozen times." This witness testified that defendant was at the scene of the accident between ten and fifteen minutes.

Defendant was arrested the morning following the accident and was placed in the county jail in Yankton. He did not forward a report of the accident to the motor vehicle department or to the police headquarters in Yankton. Defendant testified that he requested a deputy sheriff to communicate with the steward at the state hospital, but that his request was ignored. He contends that his purpose was to secure information and the counsel of a friend.

Defendant urges as grounds for reversal that the evidence introduced in support of each of the charges is insufficient to support the verdict and the judgment pronounced upon him for the reason that the evidence shows that defendant did stop immediately at the scene of the accident

and that his imprisonment prevented him from making a report of the accident.

Section 30, Chapter 251, Laws 1929 (Uniform Motor Vehicle Act) reads as follows:

"Section 30. Duty to Stop in Event of Accident. (a) The driver of any vehicle involved in an accident resulting in injury or death to any person shall immediately stop such vehicle at the scene of such accident and any person violating this provision shall upon conviction be punished as provided in Section 65 of this act.

"(b) The driver of any vehicle involved in an accident resulting in damage to property shall immediately stop such vehicle at the scene of such accident and any person violating this provision shall upon conviction be punished as provided in Section 62 of this act.

"(c) The driver of any vehicle involved in any accident resulting in injury or death to any person or damage to property shall also give his name, address and the registration number of his vehicle and exhibit his operator's or chauffeur's license to the person struck or the driver or occupants of any vehicle collided with and shall render to any person injured in such accident reasonable assistance, including the carrying of such person to a physician or surgeon for medical treatment if it is apparent that such treatment is necessary or is requested by the injured person."

Defendant was charged with failure to stop under subdivision (a), Section 30, supra. This subdivision by express provision requires after stopping no affirmative act of a driver of a vehicle involved in an accident resulting in injury or death of a person. Respondent has attempted to connect up subdivision (a) with subdivision (c), citing cases from states having statutes requiring the operator of a motor vehicle causing personal injury or death to stop immediately, give his name and address, license number, and render or offer to render assistance. Under such a statute a single criminal offense is created, although performance of several separate acts is required. The stopping must, of course, precede compliance with subdivision (c), but the

essence of the offense under subdivision (a) is the failure to stop. If defendant did immediately stop his car, the failure to do or offer to do the acts required in subdivision (c) is immaterial. See State v. Hanno, 58 S. D. 649, 238 N. W. 23.

It is the contention of the respondent that the entire transaction resulting in the death of William H. Eckart constituted the accident; that the accident began when he was struck by the car and ended when the car was backed off the body; and that thereafter defendant did not stop his car. We cannot agree with this contention. It is a fundamental principle that statutes are not to be enlarged by construction or extended by inference to include acts not within the terms of the legislative language defining crimes. State v. McGaughey, 45 S. D. 379, 187 N. W. 717. The word "accident" denotes an event which occurs upon the instant, rather than something that continues. We believe that the accident within the meaning of the statute was concurrent with the impact and that to sustain the contention of respondent would require a strained construction of the statute. It is conceded that appellant remained at the place where the casualty occurred for several minutes and that his identity became known to Pearson. The manifest purpose of the statute is to prevent drivers from seeking to evade prosecution by escaping before their identity can be determined. The defendant having stopped immediately, the statute cannot be construed to permit punishment of the defendant for his inhuman conduct thereafter. The evidence was insufficient to sustain a verdict finding defendant guilty under count 2 of the information.

Counsel in their argument insist that, the sheriff having arrested the defendant, it was not necessary to file a report of the accident and that defendant did not have an opportunity to comply. Section 31, Chapter 251, Laws 1929, read as follows: "The driver of any vehicle involved in an accident resulting in injuries or death to any person or property damage to an apparent extent of fifty dollars or more shall within twenty-four hours forward a report of such accident to the Department, except that when such accident occurs within an incorporated city or town such

report shall be made within twenty-four hours to the police headquarters in such city or town. Every police department shall forward a copy of every such report so filed with it to the Department. The Department may require drivers, involved in accidents, or police departments to file supplemental reports of accidents upon forms furnished by it whenever the original report is insufficient in the opinion of the Department. Such reports shall be without prejudice, and shall be for the information of the Department and shall not be open to public inspection. The fact that such reports have been so made shall be admissible in evidence solely to prove a compliance with this section but no such report or any part thereof or statement contained therein shall be admissible in evidence for any other purpose in any trial, civil or criminal, arising out of such accidents."

Defendant was required under this statute to file a report of the accident for the information of the motor vehicle department and the argument that there was no occasion for the report because defendant was in the custody of the sheriff is not well founded.

■■ The court instructed the jury in effect that if defendant was deprived by the acts and conduct of the officers having him in custody of an opportunity to make a report the jury should find the defendant not guilty as to count 3. The fact that defendant was arrested did not excuse the failure to comply. The question under the court's instruction for the determination of the jury was whether defendant was deprived of an opportunity to make a report. Defendant testified that he requested the deputy sheriff to communicate with the steward at the state hospital, but indicated no desire to make a report. The facts did not present a situation from which it must be concluded that defendant had no opportunity to comply with the statute.

The judgment is therefore modified by striking the sentence imposed for violation of count 2, and the cause is remanded with instructions to dismiss the information as to that count. The judgment as so modified and the order appealed from are affirmed.

All the Judges concur.