CITY OF GREGORY, Appellant v. CLAUSEN, Respondent
(99 N.W.2d 883)

(File No. 9791. Opinion filed December 22, 1959)

**G. F. Johnson,** Gregory, for Plaintiff-Appellant.

**Davenport, Evans, Hurwitz & Smith,** Sioux Falls, for Defendant-Respondent.

ROBERTS, J.   On September 5, 1958, defendant was convicted in justice court of the City of Gregory of the violation of an ordinance prohibiting house to house soliciting and peddling without an invitation. Defendant was a soliciting agent for health and accident insurance, employed by an insurance company duly authorized to do business in this state, and there had been issued to him by the Commissioner of Insurance a certificate of authority as such agent. It was stipulated by the parties that defendant while going from door to door in the City of Gregory solicited applications for insurance in an orderly manner, but had

not been requested or invited to enter upon private premises by resident owners or occupants. Defendant appealed from the judgment of conviction to the circuit court and obtained a reversal on the ground that the ordinance as enacted was in excess of authority delegated by the state to the city. The plaintiff city appeals.

The ordinance under which defendant was arrested, so far as here pertinent, reads as follows: "The practice of going in and upon private residences, and premises in the City of Gregory, Gregory County, South Dakota, by solicitors, peddlers, hawkers, itinerant merchants, and transient vendors and purchasers of merchandise, not having been expressly requested or invited so to do by the owner or owners, occupant or occupants, of the said private residence or premises, for the purpose of the sale or purchase of goods, wares, or merchandise, and for the soliciting of orders for the sale or purchase of the same, and for the purpose of disposing of, peddling or hawking the same, is hereby declared to be a public nuisance as a misdemeanor."

[1] The ordinance involved herein is commonly known as a "Green River" ordinance. The town of Green River, Wyoming, in 1931, undertook to prohibit house to house soliciting and peddling without invitation. It is now settled that an ordinance of this type does not violate the Due Process Clause of the Fourteenth Amendment, the Federal Commerce Clause, art. 1, § 8, cl. 3, and the guaranties of the First Amendment of freedom of speech and of the press. Breard v. City of Alexandria, 341 U.S. 622, 71 S.Ct. 920, 95 L.Ed. 1233. The validity of such an ordinance has been considered in a number of states. In some states ordinances of this type have been invalidated on non-federal grounds, among others, that it was not within the powers conferred upon the municipality by its charter or by statute. There is a diversity of opinion among state courts as to the validity of such ordinances. For citation and review of decisions see annotation in 35 A.L.R.2d 355.

The first question for consideration is the applicability of the ordinance to the factual situation in the instant case.

If it is applicable, the question then arises whether it was within the constitutional and statutory authority of the city to enact the ordinance.

The same rules of construction as to the meaning of language in statutes apply generally in construing municipal ordinances. 62 C.J.S. Municipal Corporations § 442. Words and phrases are to be understood in their ordinary and usual sense unless it appears from the context of the enactment or otherwise that a different sense is intended. Hawthorne v. Arlt, 59 S.D. 76, 238 N.W. 153. Was defendant a "solicitor" within the meaning of the ordinance? It is the only term that might apply to him. Defendant obviously was not within the class of persons otherwise enumerated. The ordinance does not apply to all uninvited solicitors, but only to those whose purpose is to solicit orders for the "sale or purchase of goods, wares, or merchandice". To prevent the circumvention of the restrictive provisions pertaining to peddling and hawking by the practice of first soliciting orders and then making delivery of the goods at a later date, the terms of the ordinance are amplified to include those persons whose purpose is to solicit orders for the sale of goods. The ordinance in other words is not drawn to make a distinction between solicitors and peddlers as to the nature of the annoyance declared thereunder to be a nuisance. A penal statute or ordinance is not to be extended by inference, implication or construction beyond its terms even though the facts of a case are within the mischief intended to be remedied. State v. McGaughey, 45 S.D. 379, 187 N.W. 717; State v. Clark, 67 S.D. 133, 290 N.W. 237.

The use of the words "goods, wares, or merchandise" in the ordinance as before indicated shows a clear intention to limit its application to certain types of solicitation and vending. The word "merchandise" is defined by Webster and other lexicographers as the "objects of commerce; whatever is usually bought and sold in trade, or market, or by merchants; wares, goods, commodities". The term "wares" is defined as a synonym of "merchandise", while the word "goods" appears to have a broader mean-

ing. It includes "all chattels personal other than things in action and money." 38 C.J.S. p. 940. It is so defined for the purpose of certain statutes in this state. SDC 54.0175, 54.0201. Contracts of insurance are not commodities or objects sold by merchants or chattels personal having an existence and value independent of the parties to them. They are simply undertakings to indemnify "against loss, damage, or liability arising from an unknown or contingent event." SDC 31.0101; Lawyer v. Globe Mutual Insurance Co., 25 S.D. 549, 127 N.W. 615. It is evident that the ordinance did not apply to the activity of the defendant in making house to house solicitations of applications for insurance. It is unnecessary because of such determination to consider other questions presented on appeal.

Judgment appealed from affirmed.

All the Judges concur.