**STATE of Missouri, Respondent,**

v.

**Elmer FLOYD, Appellant.**

**No. WD 33951.**

Missouri Court of Appeals, Western District.

June 28, 1983.

Motion For Rehearing and/or Transfer To Supreme Court Overruled and Denied Aug. 30, 1983.

Application to Transfer Denied Oct. 18, 1983.

Before LOWENSTEIN, P.J., and WASSERSTROM and MANFORD, JJ.

Steven D. Mahrt of Zahnd & Mahrt, Savannah, for appellant.

John Ashcroft, Atty. Gen., Jefferson City, Philip M. Koppe, Asst. Atty. Gen., Kansas City, for respondent.

Before LOWENSTEIN, P.J., and WASSERSTROM and MANFORD, JJ.

MANFORD, Judge.

This is a direct appeal from a jury conviction for violation of § 577.060, RSMo 1978. The judgment is reversed.

While appellant presents two points on this appeal, only one point—his challenge to the sufficiency of the evidence to sustain the conviction—is considered due to the disposition of this matter.

On January 8, 1982 at approximately 2:00 p.m., appellant was operating his pickup truck in a northerly direction on a gravel road in rural Andrew County, Missouri. After he crossed over a one-lane bridge, he came upon a pickup truck owned by one Donald Durham parked in the middle of the road some eight to ten feet from the end of the bridge. Durham was out of his vehicle talking with some area residents. The weather was clear, but there was snow on the ground and the road was slick. The left-hand door of the Durham pickup was open, making it impossible for any other vehicle to pass or proceed on the narrow road. Appellant's pickup struck the rear end of the Durham pickup. The Durham pickup sustained damage to the rear portion and transmission, but the collision produced no personal injuries.

Appellant stopped his pickup on impact. Appellant and Durham conducted a conversation for about five minutes. The evidence revealed that Durham had known appellant and had known where he lived, all of his life. Following the conversation, appellant drove home. Some two and one-half hours following the collision, appellant reported the collision to the local sheriff. During the period between the collision and appellant's report, officers from the Sheriff's office tried unsuccessfully to contact appellant at his home. Appellant testified that he was at home, but did not hear the officers at his door. There was evidence that appellant and his granddaughter were both ill with the flu. At the time of the collision, appellant was enroute home with medicine for his granddaughter. Due to his illness, appellant was suffering from diarrhea. Appellant was later arrested and prosecuted for leaving the scene of an accident pursuant to § 577.060, RSMo 1978.

Under the above facts, this court is asked to affirm the Class D felony conviction of appellant. There is not a great deal of case authority in this area of the law, but this court feels that this case is squarely disposed of by our state Supreme Court in *State v. Dougherty,* 358 Mo. 734, 216 S.W.2d 467 (1949). In *Dougherty,* the court considered § 8401(f), RSMo 1939, the predecessor statute to § 577.060, RSMo 1978. The prior statute and the present statute are worded almost identically and it can be readily observed that the legislative intent within both is identical. § 577.060 reads as follows:

"577.060. Leaving the scene of a motor vehicle accident

1. A person commits the crime of leaving the scene of a motor vehicle accident when being the operator or driver of a vehicle on the highway and knowing that an injury has been caused to a person or damage has been caused to property, due to his culpability or to accident, he leaves the place of the injury, damage or accident without stopping and giving his name, residence, including city and street number, motor vehicle number and chauffeur's or registered operator's number, if any, to the injured party or to a police officer, or if no police officer is in the

vicinity, then to the nearest police station or judicial officer.

2. Leaving the scene of a motor vehicle accident is a class D felony."

In *Dougherty,* our state Supreme Court noted that this statute is penal in nature and must be strictly construed against the state. The court also noted that there might be such various human factors or physical surroundings that the immediate stopping following a collision would not be possible and certainly no predetermination of distance could be prescribed, but that each case has to be reviewed in light of its own facts and circumstances.

The real import of the *Dougherty* decision is that the court recognized and declared the purpose of the statute. At 474, the court stated:

The obvious purpose of the statute is to prevent "those controlling and operating automobiles from concealing their identity by immediate flight from the scene of [the] accident," *Ex parte Kneedler,* 243 Mo. 632, 147 S.W. 983, 984, 40 L.R.A., N.S., 622, Ann.Cas.1913C, 923; " * * * to obtain * * * information * * * of a nature which will identify him readily," *Commonwealth v. Horsfall,* 213 Mass. 232, 100 N.E. 362, 364, Ann.Cas.1914A, 682; " * * * to prevent drivers from seeking to evade prosecution by escaping before their identity can be determined", *State v. Clark,* 67 S.D. 133, 290 N.W. 237, 239; and " * * * to sufficiently establish the identity of the parties so that they and police authorities may know with whom to deal in matters growing out of the accident", *Runyon v. State,* 219 Ind. 352, 38 N.E.2d 235, 237.

While the factual circumstances in *Dougherty* are different from the instant case (in *Dougherty,* the defendant drove his vehicle from the scene around the corner but returned and gave his name and address to the other driver), it is the above-quoted language, declaring the purpose of the statute, which controls. Applying the "obvious purpose" to the instant case, the state's evidence revealed that Durham had known appellant all of his life. The evidence also revealed that Durham had known, all of his life, exactly where appellant lived. Appellant and Durham had engaged in conversation some five minutes following the collision, and some two and one-half hours later, appellant notified local law enforcement authorities of the collision.

The evidence herein shows that appellant did not provide Durham with a motor vehicle number, or a chauffeur's or operator's number. The evidence does reveal that appellant stopped after the collision and engaged in conversation with Durham. In addition to not providing a motor vehicle number, and a chauffeur's or operator's number, the appellant did not provide Durham with a name and address. This latter information was already known to Durham. Under the existing circumstances, it would be ludicrous to have required appellant to furnish his name and address to a person who had known both such elements of information all of his life. It is to be noted that in *Dougherty,* the defendant also provided no motor vehicle number, or chauffeur's or operator's license information, but merely provided his name and address via a business card.

Under the facts and circumstances herein, there is no evidence which shows that appellant attempted to escape the collision scene before his identity could be established. Under the facts and circumstances, any such attempt would have been impossible. There is no evidence that appellant did anything to conceal his identity. In *Dougherty,* the court held that the giving of the business card made it impossible for defendant to conceal his identity. In the instant case, the impossibility of appellant to conceal his identity arose from the fact that Durham, for his entire life, had known appellant's name and address.

The evidence upon this record is found to be insufficient to sustain appellant's conviction within the intent and purpose of § 577.060. *Dougherty, supra.* The judgment is reversed and appellant is ordered discharged.

All concur.