[Crim. No. 3056. In Bank.—March 27, 1928.]

THE PEOPLE, etc., Respondent, v. URBAN A. SCO-FIELD, Appellant.

William H. Campbell, William T. Kendrick, Jr., and William T. Kendrick for Appellant.

U. S. Webb, Attorney-General, and H. H. Linney, Deputy Attorney-General, for Respondent.

SHENK, J.—An information was filed in the superior court in and for the county of Los Angeles charging the defendant in three counts—manslaughter in the first count, operating a motor vehicle on a public highway while under the influence of intoxicating liquor in the second count, and with failure to stop, render aid, etc., in violation of section 141 of the California Vehicle Act, in the third count.

During the course of the trial the second count was dismissed on motion of the district attorney. The jury disagreed on the manslaughter charge, but found the defendant guilty as charged in the third count. He appeals from the judgment of conviction and from the order denying his motion for a new trial.

Numerous specifications of error are assigned with reference to the conduct of the case applicable to the first and second counts. They have been examined, but nothing is discovered which would prejudicially affect the rights of the defendant as to the count upon which he was convicted. They are not likely to recur in the event of a new trial and no further notice need be taken of them.

As to the third count, the first contention to be considered is that the evidence is insufficient to support the judgment of conviction. The accident occurred under the following circumstances: About 7:30 o'clock on the evening of October 25, 1926, Jacob V. Gilliam, the deceased, was driving his Chevrolet automobile in a southerly direction along Glendale Avenue in the city of Glendale. He was driving his car near the center of the street. As he approached the intersection of Glendale and Elk Avenues he crossed the center line of Glendale Avenue and entered the intersection. The defendant was sales manager of the Pearl Motor Company and resided in Glendale. About 7 o'clock on the evening in question he left his place of business in the company of his employer, C. W. Pearl, in the latter's Lincoln sedan. The two then proceeded to the home of A. J. Flanders, where they were joined by Mr. and Mrs. Flanders and their four year old son. From this point the party started out with the intention of attending an automobile show and the defendant was at the steering-wheel. At the intersection of Glendale and Elk Avenues the Chevrolet car was struck by the Lincoln sedan. By the force of the impact the Chevrolet car was badly wrecked. Mr. Gilliam was unconscious from the time of the accident until his death, which occurred at the hospital a few hours later. The steering-wheel of the Lincoln sedan hit the defendant in the stomach, "knocked the wind" out of him, rendered him unconscious for a moment and when he awoke he was "gasping for breath." Mr. Pearl, who was seated on the right side of the front seat, was cut about the head and face

and was later removed to the hospital for attention. Mrs. Flanders received a fractured ankle, but Mr. Flanders and the boy were uninjured.

A crowd of people assembled about the cars immediately after the accident. Mr. Gilliam was lifted from the wreck by the bystanders and was laid on the sidewalk near by. One of those also present went to a near-by telephone and summoned an ambulance which responded and removed Mr. Gilliam to the hospital. Mr. Pearl and Mrs. Flanders were taken away for hospital attention.

Most of the rather voluminous record is taken up with a recital of the circumstances occurring just prior to the impact, such as the location of the cars on the street, the method of their operation, their speed, etc., and also as to whether the defendant was under the influence of intoxicating liquor at the time of the accident. This evidence was pertinent to the charges of manslaughter and driving an automobile on a public highway while under the influence of intoxicating liquor as set forth in counts one and two of the information. But as the jury disagreed as to the manslaughter charge and the second count was dismissed before the close of the trial such evidence need not now be further recounted. We are concerned only with the sufficiency of the evidence to support the charge of a violation of section 141 of the California Vehicle Act. (Stats. 1923, p. 562.) That section provides as follows:

"Duty to stop in case of accident. The driver of any vehicle which strikes any person or collides with any other vehicle shall immediately stop and give his name and address and the names and addresses of all passengers not exceeding five in his vehicle, also the registration number of his vehicle, to the person struck or the occupants of the vehicle collided with, and shall also render to such persons all necessary assistance, including the carrying of such persons to a physician or surgeon for medical or surgical treatment, if such treatment is required or if such carrying is requested by the person struck or any occupant of such vehicle collided with. Any person violating any of the provisions of this section is punishable by imprisonment in the state prison not exceeding five years or in the county jail not exceeding one year, or by a fine not exceeding five thousand dollars, or by both such fine and imprisonment."

■ In the charging part of count three of the information it was alleged that the defendant did "fail to immediately stop and give his name and address and the registration number of his said vehicle to the said Jacob V. Gilliam, and did then and there fail to render to said Jacob V. Gilliam any assistance, said person being then and there in need of assistance by reason of injuries and damage caused by said collision." The form of these allegations in the light of the instructions will be presently referred to. The proof showed without conflict that both cars were stopped by the impact and remained at the scene of the accident until all parties directly concerned had been taken away or had departed. Immediately after the collision the defendant got out of the Lincoln car through the left front door and proceeded toward the Chevrolet car, around which a crowd was assembling. He did not give his name and address and the registration' number of the Lincoln car to Gilliam for the obvious reason that Gilliam was unconscious and could not receive the same and he did not assist in removing Gilliam from the Chevrolet car for the reason that his assistance was not necessary. Others already were performing this service. By undisputed evidence it appeared that more persons were endeavoring to assist and were assisting in caring for Gilliam than were necessary. After the injured persons had been removed the defendant walked to his own home. The prosecution insists that there was a conflict in the evidence as to whether the defendant remained at the scene of the accident after the collision. The only evidence that tended to create a conflict was the testimony of certain witnesses that they "did not see" the defendant there. This negative evidence was not sufficient to create a substantial conflict in the light of all the evidence in the case, including the positive testimony of several witnesses that the defendant was at the scene of the accident walking around in the crowd after the collision had taken place.

On the evidence as to the particular charge on which the defendant was convicted, and as above outlined, the trial judge denied the motion for a new trial, sentenced the defendant to state's prison and denied bail pending appeal, although he did issue a certificate of probable cause.

We think the evidence was insufficient to support the judgment of conviction. ■ The purpose of said section 141 is

to prevent the driver of an automobile from leaving the scene of an accident in which he participates or is involved without proper identification and to compel necessary assistance to those who may be injured. The requirements of the statute are operative and binding on all drivers involved in an accident regardless of any question of their negligence respectively. (*People* v. *Kaufman,* 49 Cal. App. 570 [193 Pac. 953].) But it is obvious that criminal liability should not attach in all cases where a literal application of the language of the statute might be made. For example, no one would have the hardihood to contend under the facts in the present case that Mr. Gilliam, had he lived, and while he was unconscious, would have been guilty of a violation of section 141 because he did not give his name and address and the registration number of his automobile to the occupants of the Lincoln car or because he did not render assistance to Mr. Pearl or Mrs. Flanders, who were injured in the other car, yet literally he would be within the terms of the statute. His unconscious condition would, of course, excuse him. When both drivers are rendered unconscious, as occasionally happens, there could be no criminal liability on the part of either for failure to do the things required by the statute. These illustrations merely show that the statute cannot be given literal application ''in all cases'' of collision or accident. The law does not require the impossible. As to the first requirement of the statute the prosecution in this cases makes the following concession: ''If, therefore, the injured man was rendered unconscious by the collision of the two cars, the defendant was not required to give to him the information mentioned in the statute because it would have been impossible for him to do so.'' It was possible for the defendant to have placed on the person of Gilliam the specified information, but the law would seem to contemplate that such information be given to someone consciously able to receive it. This interpretation of the statute does not, as has been suggested, render it possible for a reckless driver to escape punishment by being sure that he renders his victim unconscious and then proceed on his way. There is still the obligation to stop and render the necessary assistance to the injured party. In this connection it must be noted that the statute requires that *necessary* assistance be rendered. Under the facts in this case the deceased was given all the assistance

that could be required without the aid of the defendant. It is suggested that the defendant might have interjected his person into the midst of the several individuals who were caring for the deceased and insisted upon his own ministrations. This, we think, he was not required 'to do under the circumstances here shown. In other words, his assistance was not *necessary*. To have forced himself into the company of those who were rendering aid might have been an impertinence and not at all justifiable. A failure to do so should not subject the defendant to criminal responsibility under the statute.

The foregoing might well dispose of this appeal were it not for the fact that an important matter of practice and procedure is involved, a determination of which seems desirable in the event a new trial is had. The trial judge instructed the jury as follows: "There have been prepared two forms of verdict for you as to each of the two counts. . . . As to the third count, the body of one form reads: 'We, the jury . . . find the defendant guilty of violation of section 141 of the California Vehicle Act, a felony, as charged in count 3 of the information. . . . ' If your verdict be a verdict of guilty as to count 3, that is the form you will use. . . . If your verdict be 'not guilty' use this form: 'We, the jury, . . . find the defendant "not guilty," ' " etc. There was no instruction that the members of the jury must agree upon at least one of the alternative charges enumerated in the statute and pleaded in the third count in order to find him guilty. The defendant contends that the trial judge of his own motion should have instructed the members of the jury that they must agree upon at least one of said alternative charges pleaded in count three of the information. California Jurisprudence with citation of authority states what is conceded to be the general rule as follows: ██ "It is the duty of the court in criminal cases to give, of its own motion, instructions on the general principles of law pertinent to such cases, when they are not proposed or presented in writing by the parties themselves. But it is not its duty to give instructions upon specific points developed through the evidence introduced at the trial, unless such instructions are requested by the party desiring them." (8 Cal. Jur. 309; *People* v. *Williams,* 184 Cal. 590 [194 Pac. 1019]; *People* v. *Peck,* 43 Cal. App. 638 [185 Pac. 881].)

Here no instruction was requested by the defendant and it is necessary to determine whether the subject matter involved in the omission of the court to instruct related to general principles of law applicable to the cause on trial or related to a specific point developed at the trial.

 It is conceded by the prosecution that a defendant may be convicted under said section 141 of a failure to do any one of several things required of him in the event of a collision with another car or with a human being. Of them he may be convicted of a failure (1) to stop immediately; or (2) to give his name and address; or (3) to give the names and addresses of the passengers in his car; or (4) to give the registration number of his car; or (5) to render necessary assistance. A violation of any of these provisions is in terms made punishable under the penal provisions of the statute. (*People* v. *Kaufman, supra.*) A failure to perform any of the required acts is a separate offense. Evidence sufficient to support one charge might be entirely unrelated to and insufficient to support another. The jury might not all agree on any one of the offenses, but might all agree that there had been a violation of some portions of the section. We think the situation here presented called for an instruction from the court on the point contended for by the defendant even though no such instruction was requested. It is difficult to lay down a rule which will fit all cases, but this much may be said, generally, that when a defendant is charged with separate and distinct offenses each requiring independent proof, the court should properly instruct the jury as to each offense even though instructions thereon be not requested by either party. Applying this rule, we think it was error not to instruct the jury on the point that they must agree on at least one of the separate offenses alleged in count three of the information in order to find the defendant guilty on that count. Whether such error be prejudicial in any case must depend to a great extent on the record in each case. But, says the prosecution, the allegations of count three were in the conjunctive and since the jury found the defendant guilty as charged in said count, it must be assumed that he was found guilty on all of the separate offenses therein alleged. To this the defendant replies that in such case count three must stand or fall as a whole under the instruction given. There is much force

in the defendant's position. The evidence in such case must be sufficient to support a conviction on each and every of the separate offenses so conjunctively charged. If there then be no evidence of a substantial character to support some one of the alleged offenses so conjunctively alleged, it might well be an abuse of discretion for the trial court not to grant a new trial as to the entire count.

The defendant takes exception to the following instruction which was given by the court: "The duty imposed upon a driver of an automobile which collides with another vehicle to stop, render assistance and furnish the information required by the law, is a duty which he must perform in all cases." It is insisted that the phrase "in all cases" is too broad. We think the criticism well taken, as the facts before us in the present case illustrate. This instruction has been under review before, and it has been stated that while the instruction is no broader than the section itself, it is inconceivable that the legislature intended to make the provision of the section applicable, for instance, to a person who was ignorant of the fact that the automobile which he was driving had struck another person. (*People* v. *Graves,* 74 Cal. App. 415 [240 Pac. 1019].) It is unnecessary to determine whether the giving of the instruction in this form would in and of itself require a reversal in view of our conclusions on other points.

The judgment and order are reversed.

Richards, J., Seawell, J., Langdon, J., Preston, J., and Waste, C. J., concurred.

Curtis, J., concurred in the judgment.