## GUADALUPE GARCIA v. THE STATE.

No. 18025. Delivered March 18, 1936.
Rehearing Denied June 24, 1936.
Application for Leave to File Second Motion for Rehearing Denied
(Without Written Opinion) October 14, 1936.

The opinion states the case.

*Kennedy Smith,* of Edinburg, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

CHRISTIAN, JUDGE.—Appellant was convicted of violating Art. 1150, P. C., and his punishment assessed at confinement in the penitentiary for three years.

Appellant entered a plea of guilty. The proof on the part of the State was to the effect that appellant, while driving his automobile, ran over and killed J. D. Hausenfluck; and further, that he drove away without stopping and offering the necessary assistance.

Omitting the formal parts, the count of the indictment under which conviction was obtained reads as follows:

"Guadalupe Garcia on or about the 14th day of March, A. D. one thousand nine hundred and thirty-five and anterior to the presentment of this indictment, in the County of Hidalgo and State of Texas was then and there the driver of and in control of an automobile, and while operating and controlling said automobile, he, the said Guadalupe Garcia, did strike J. H. Hausenfluck with said automobile so driven by the said Guadalupe Garcia, and did then and there thereby and therewith injure the person of the said J. D. Hausenfluck, and the said Guadalupe Garcia did then and there unlawfully fail to stop and render to the said J. D. Hausenfluck, the person struck and injured, as aforesaid, all necessary assistance in this, to-wit: the said Guadalupe Garcia did then and there fail to stop and to carry the said J. D. Hausenfluck to a physician and surgeon for medical and surgical treatment required by the said J. D. Hausenfluck by reason of the said injury received, as aforesaid, by being struck by said automobile so driven by and in control of Guadalupe Garcia."

We quote Art. 1150, supra:

"Whenever an automobile, motorcycle or other motor vehicle whatsoever, regardless of the power by which the same may be propelled, or drawn, strikes any person or collides with any vehicles containing a person, the driver of, and all persons in

control of such automobile, motor vehicle or other vehicle shall stop and shall render to the person struck or to the occupants of the vehicle collided with all necessary assistance including the carrying of such person or occupants to a physician or surgeon for medical or surgical treatment, if such treatment be required, or if such carrying is requested by the person struck or any occupant of the vehicle collided with; and such driver and person having or assuming authority of such driver shall further give to the occupant of such vehicle or person struck, if requested at the time of such striking or collision or immediately thereafter, the number of such automobile, motorcycle or motor vehicle, also the name of the owner thereof and his address, the names of the passenger or passengers not exceeding five in each automobile or other vehicle, together with the address of each one thereof. Any person violating any provision of this article is punishable by imprisonment in the penitentiary not to exceed five years or in jail not exceeding one year or by fine not exceeding five thousand dollars, or by both such fine and imprisonment."

It is appellant's contention that the judgment should be reversed because the proof on the part of the State shows that Mr. Hausenfluck was instantly killed and that it would have been useless for him to have stopped and carried him to a physician for medical or surgical treatment. It is true that the testimony of the State was largely to the effect that death resulted instantly. However, it is observed that one of the witnesses for the State testified that he went to Mr. Hausenfluck a few minutes after he was struck and observed "a quiver in the artery in his throat." However, he expressed the opinion that he had been killed instantly. Be that as it may, we are of opinion that appellant's contention should not be sustained.

It is observed that Art. 1150, supra, imposes upon one whose automobile strikes any person or collides with any vehicle containing a person the duty, in the first place, to stop, and, in the second place, to render to the person struck or to the occupants of the vehicle collided with all necessary assistance. Among other things, there is especially included as a part of such assistance the carrying of the person struck to a physician or surgeon for medical or surgical treatment, if such treatment be required, or if such carrying is requested by the person struck or any occupant of the vehicle collided with. Obviously, the failure to stop is a violation of the statute; and notwithstanding the injunction to stop should be complied with, the accused would still be guilty if he failed to render

the assistance required by the statute under the conditions therein set forth. It is clear from the record that appellant violated the statute in failing to stop. He entered his plea of guilty thereto. Under the circumstances, we are constrained to hold that the conviction should be sustained.

The judgment is affirmed.

*Affirmed.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

### ON MOTION FOR REHEARING.

LATTIMORE, JUDGE.—We have examined with interest the well prepared and appealing motion for rehearing of appellant in which we are urged to reconsider our judgment of affirmance and reverse the case,—not upon grounds that question appellant's failure to stop his car after admittedly striking a human being; but because he claimed and asserted as a reason for not stopping that he was afraid to stop for fear some one would assault him; or if not reversed for this reason, then appellant is of the opinion that the fact that he killed the man with whom he collided was given punitive weight by the jury and prosecutor, which he insists is contrary to rules laid down by us in other cases, some of which are cited by him; and also appellant asserts that if we do not reverse for either of the above reasons, then we should do so because he could not have rendered aid to a man who was killed by the collision.

We find ourselves unable to assent to any of these reasons. Without deciding that there can be no case of collision whose situation and surroundings would so strongly support the proposition of danger to limb or life of the accused,—resulting from acts and conduct of persons present,—which might justify him in fleeing or refusing to stop, we do say that such situation would needs be most unusual, and that no such case on its facts is before us here.

The most that can here be said is that at some former time, as a result of contact of car fenders, some person had assaulted appellant, and that when he did not stop after the instant collision, persons called to him, some loudly and perhaps angrily, and he claimed he was afraid to stop for fear they would beat him up. The facts do not show that any person tried to assault him, or threatened him, or displayed

any weapon with which an assault might be committed. We can not engraft on our law a provision not put there by the legislature,—and make the stop required by statute after a collision, to depend on whether the accused is afraid. We are not able to agree with counsel that undue prominence was given on this trial to the fact that a life was lost in the collision.

Appellant was not given the maximum penalty, and there is no proof of any unfair use against appellant of any fact by any juror, and we are not warranted in concluding that this verdict should not stand upon any legal theory advanced in this record.

The motion for rehearing is overruled.

*Overruled.*