Coos,
No. 4480.

STATE *v.* RICHARD MEALEY, JR.

Argued April 4, 1956.

Decided May 31, 1956.

*Louis C. Wyman*, Attorney General, *Warren E. Waters*, Deputy Attorney General and *Arnold P. Hanson*, county solicitor (*Mr. Hanson* orally), for the State.

*George H. Keough* (by brief and orally), for the respondent.

DUNCAN, J. By motion to dismiss made in advance of the trial and renewed at the close of the State's evidence, the respondent sought dismissal of the indictment upon the ground that it failed to set forth an offense. His motion further brought in question the sufficiency of the evidence to warrant conviction under RSA 262:23. The material portions of this statute provide as follows: "Any person operating a motor vehicle, knowing that injury has been caused by him to a person or to property, shall forthwith bring his vehicle to a stop, return to the scene of the accident, give to the operator of any other vehicle involved in said accident, and to the person, or the owner of the property, injured, his name and address, the number of the driver's license, registration number of the motor vehicle and the name and address of each occupant thereof. If the owner of the property damaged is not available at the place of the accident, the information required hereunder shall be given to a policeman at the nearest police station."

It is obvious that the essential element of the statutory offense is the failure to furnish, in the manner specified, information which will identify a vehicle, and the operator and occupants thereof, which has caused personal injury or property damage, to the knowledge of the operator. *State* v. *Soucy*, 97 N. H. 233, 235. See *Runyon* v. *State*, 219 Ind. 352; *People* v. *Huber*, 64 Cal. App. 352, 355. The offense may consist in failing to furnish the required information at the scene of the accident to two classes of persons: (1) the operator of "any other motor vehicle involved" and (2) the person injured or the owner of property injured as the case may be; or it may consist in failing to furnish the information at the nearest police station, to a policeman, in case the injury is to property the owner of which is not available at the scene. Since this indictment alleged no injury to property, the allegation that the respondent failed to "report to a police officer" charged no offense, but was merely surplusage. It might well have been stricken on the respondent's motion. The remainder of the indictment failed to allege the essential element of failure to furnish the requisite information at the scene. *State* v. *Soucy, supra.*

"A complaint that fails to allege every fact necessary to constitute the offense charged . . . is defective . . . . " *State* v. *Gosselin,* 110 Vt. 361, 365. While statutory offenses such as the one attempted to be charged in this case may be set forth in the language of the statute, the indictment must allege all essential elements of the offense. 8 Blashfield, Cyc. Automobile Law (perm. *ed.*) *s.* 5450. See *State* v. *Peirce,* 43 N. H. 273. Consequently under provisions like those of RSA 262:23 the indictment must charge a failure to furnish the information required by the statute. *Kelley* v. *State,* 233 Ind. 294, 299.

Failure to return to the scene of the accident, which was alleged by the indictment in this case, is at most an incident of the offense of failing to supply information at the scene. Thus if an accused did not leave the scene following an accident, an allegation of failure to return to the scene is unnecessary. *State* v. *Soucy,* 97 N. H. 233, *supra.* The proof in this case tended to show that the respondent did return to the scene, if in fact he may be said to have left it. The offense involved was that of failing to identify himself at the scene. Yet the indictment did not charge him with this offense.

If it was a fact that the injured party was unconscious while the respondent was at the scene, the nature of the offense was in no way altered, for the respondent was not thereby relieved of the obligation of disclosing his identity. So far as appears, the information required by the statute could have been given to the operators of the two vehicles involved in the collision, and in written form it could have been left with the injured person for use when he should regain consciousness. The Legislature did not intend compliance with the statute to be excused because the injury was severe. *State* v. *Sterrin,* 78 N. H. 220.

Since the decision of the last cited case, the provisions specifying the persons to whom the requisite information shall be given have been inserted by amendment. Laws 1949, *c.* 34. They are obviously unsatisfactory in a case where no other vehicle is involved and the injured person is unconscious. While charging an operator with the duty of identifying himself at the scene, under penalty of heavy fine or imprisonment (RSA 262:25), the statute fails to provide him with a plain method of discharging his duty under the circumstances stated. When property is injured in the owner's absence, he is permitted to report at the nearest police station. He should be afforded an equally plain course in case of personal injury when

the persons designated to receive the information are incapable of doing so.

There is no reason to conclude however that any shortcoming of the statute justified the form of the indictment in this case. In any event the State could not be relieved of its burden of presenting its charges by an indictment plainly describing the specific offense defined by the statute. As drawn, in disjunctive form, the indictment left the respondent to speculate whether he was charged with a failure to return to the scene where personal injury was caused, or with a failure to "report to a police officer" which was required only after injury to the property of a person not available at the scene. See State v. Messenger, 58 N. H. 348. This was not the certainty to which the respondent was entitled. State v. Donovan, 97 N. H. 190, 192; State v. Liptzer, 90 N. H. 395. See also, State v. Naramore, 58 N. H. 273; State v. Gary, 36 N. H. 359. The indictment was calculated neither to furnish him with sufficient information to enable him to prepare a defense, nor in the event of conviction to protect him from later prosecution for the same offense. State v. Peirce, supra, 275. Accordingly the respondent's exception is sustained, and the order is

*Indictment quashed.*

All concurred.