[Crim. No. 8186.   Second Dist., Div. One.   Nov. 26, 1962.]

THE PEOPLE, Plaintiff and Respondent, v. MAURICE RAYMOND De WINTER, Defendant and Appellant.

Apple & Cohen, Irving D. Apple and Theodore A. Cohen for Defendant and Appellant.

Stanley Mosk, Attorney General, William E. James, Assistant Attorney General, and Samuel L. Williams, Deputy Attorney General, for Plaintiff and Respondent.

WOOD, P. J.—Defendant was accused of violating section 20001 of the Vehicle Code, a felony (after vehicle accident—failing to stop, render aid, and give information).   Trial by jury was waived.   Upon stipulation the cause was submitted on the transcript of the preliminary examination, reserving the right to present additional evidence.   Defendant was adjudged guilty and was sentenced to imprisonment in the county jail for 90 days.   Probation was granted upon condition, among other things, that defendant pay a fine of $200

and surrender driver's license. He appeals from the judgment and sentence.

Appellant contends that the evidence is insufficient to support the judgment; and that the judgment is against the law.

On June 30, 1961, about 9:30 p. m., while Charles Walton was walking in the marked crosswalk at an intersection of streets in Los Angeles, he was hit by a truck which was driven by defendant. Mr. Walton was unconscious about 5 minutes, and after he regained consciousness he lay upon the pavement about 15 minutes (additional) before the ambulance arrived. Defendant got out of his truck and stood fairly close to it, which was a distance of approximately 20 feet from Mr. Walton. No one went to Mr. Walton while he lay there and identified himself as the driver of the truck, nor showed him a driver's license. Two or three persons went to him and asked how he felt and whether he was hurt. Mr. La Hive, who saw the truck hit Mr. Walton, testified that "to my [his] knowledge" the defendant did not at any time after the collision get closer than 20 feet to Mr. Walton; that the defendant was at the scene when the ambulance arrived.

Mr. Walton was taken in an ambulance to a hospital, where he remained six hours. He sustained bruises from his shoulder to his knees, and a cracked bone in his right leg.

Police officers arrived at the scene about 5 or 10 minutes after the ambulance left.

Officer Erickson testified that after he had been at the scene of the accident he went to the hospital to ascertain whether the driver of the truck was there; then he had the license number of the truck checked by the Motor Vehicle Department; he and another officer then went to the address of defendant and had a conversation with him; defendant said that he did not see the pedestrian until the moment of the impact, that after the impact he (defendant) pulled to the curb, parked at a place just west of the intersection, went to the place where the man was lying, and gave his name and address to the man; he also said that he asked the man whether he was hurt, and the man replied that he did not feel too good; he also said that when the ambulance picked up the man, he (defendant) went home.

Officer Erickson testified further that the ambulance had left the scene prior to the time he or other officers arrived there.

Defendant did not testify or call any witness on his behalf.

Appellant argues, with respect to alleged insufficiency of

the evidence, that it is obvious from uncontradicted testimony that he stopped immediately after the accident, that other persons were rendering aid to the victim, who was unconscious for five minutes, and that defendant remained at the scene until the victim had been removed by the ambulance which had been summoned by bystanders. Defendant concedes that, viewing the evidence in the light favorable to the prosecution, the evidence was sufficient to justify the trial court in concluding that defendant did not identify himself at the scene of the accident. He argues further, however, that the evidence indicates that he did all that was required of him, and that to render further assistance to the victim, who was already being cared for by the bystanders, would have been an idle act; that he made no effort to flee from the scene or to hide his identity, but merely left after the victim had been removed by the ambulance.

Defendant cites *People* v. *Scofield,* 203 Cal. 703 [265 P. 914], wherein the injured person was lifted from the wreckage by bystanders and laid on the sidewalk nearby; a bystander telephone for an ambulance, which came and removed the injured person, who was unconscious from the time of the accident until his death which occurred at the hospital a few hours later. In the cited case, it was said (pp. 708-709) that under the facts of that case the injured person was given all the necessary assistance without the aid of the defendant and that, under the circumstances there, defendant was not subject to criminal responsibility. That case is distinguishable from the present case in that the injured person therein was unconscious from the time of the accident until his death.

As above shown, the defendant in the present case is charged with violating section 20001 of the Vehicle Code.[1] The evidence shows that defendant stopped his truck immediately and that he stood about 20 feet from the injured person, during a period of approximately 20 minutes, while

---

[1]Said section provides: ''The driver of any vehicle involved in an accident resulting in injury to any person, other than himself, . . . shall immediately stop the vehicle at the scene of the accident and shall fulfill the requirements of Sections 20003 and 20004, and any person failing to stop or to comply with the requirements under such circumstances is guilty of a public offense. . . .'' Section 20003 referred to therein provides: ''The driver of any vehicle involved in an accident resulting in injury to or death of any person shall also give his name, address, the registration number of the vehicle he is driving, the name of the owner, and upon request and if available exhibit his driver's license to the person struck or the driver or occupants of any vehicle collided with or shall give such information and exhibit his license to any traffic or police officer

other persons called for the ambulance and rendered assistance; during the last 15 minutes of that period, the injured person was conscious, and the defendant did not give his name, or address, or vehicle registration number to the injured person, nor exhibit his license number to that person. The evidence was sufficient to support the judgment.

The judgment and sentence are synonymous. (*People* v. *Ross*, 206 Cal.App.2d 542, 543 [24 Cal.Rptr. 1].)

The judgment is affirmed.

Fourt, J., and Lillie, J., concurred.

---

at the scene of the accident and shall render to any person injured in the accident reasonable assistance, including the carrying or the making arrangements for the carrying of such person to a physician, surgeon or hospital for medical or surgical treatment if it is apparent that treatment is necessary or if such carrying is requested by the injured person." Section 20004 referred to in said section 20001 is not applicable herein, since it pertains to duties of a vehicle driver in the event of death resulting from an accident—and death did not result from this accident.