**STATE of Iowa, Appellee,**

v.

**Don Evan McNEAL, Appellant.**

No. 53167.

Supreme Court of Iowa.

May 6, 1969.

**676**

Harold B. Heslinga, Oskaloosa, for appellant.

Richard C. Turner, Atty. Gen., James C. Sell, Asst. Atty. Gen., and W. K. Cash, County Atty., for appellee.

LARSON, Justice.

Pursuant to a grand jury indictment of April 30, 1968, charging defendant Donald Evan McNeal with the crime of riotous conduct—injury to person or property, in violation of section 743.9 of the 1966 Code, trial was had on May 8, 1968. A jury verdict of guilty was returned and, when judgment sentencing him to the Men's Reformatory at Anamosa for a term not to exceed five years was entered on May 31st, he appealed.

It appears that defendant, along with several Albia young men, attacked and beat five young men from Centerville, Iowa, as they emerged from the Blue Bird Cafe in Albia in the early morning of April 13, 1968, that defendant assaulted Jack Shepherd, pulled Larry Wright from an automobile and beat and kicked him into a dazed or unconscious condition, damaged the window of the automobile with his fist, and struck a trucker Larry Stewart as he attempted to break up the fighting. The evidence revealed serious injuries resulted from these assaults.

Although appellant relies upon ten propositions for reversal, his principal contentions are (1) that section 743.9 of the Code is unconstitutional and his motion to dismiss filed May 4, 1968, was erroneously overruled; (2) that a witness Lois Davis was permitted to testify to conversations tending to prove premeditation which were not set forth in the minutes of testimony attached to the indictment; (3) that the court failed to properly instruct the jury and did not submit necessarily included offenses to the crime charged; and (4) that it failed to sustain defendant's motion for a new trial.

I. Section 743.9 of the 1966 Code of Iowa provides:

"If any person or persons, unlawfully or riotously assembled, pull down, injure, or destroy * * * any dwelling house or other building; * * * or perpetrate any premeditated injury on the person of another, not being a felony, he shall be imprisoned in the penitentiary not more than five years, or be fined not exceeding five hundred dollars and imprisoned in the county jail not more than one year, * * *."

This section is a part of chapter 743 entitled "Unlawful Assembly and Suppression of Riots."

Section 743.2 defines riot as: "When three or more persons together and in a violent or tumultuous manner commit an unlawful act, or together do a lawful act in an unlawful, violent, or tumultuous manner, to the disturbance of others, * * *." The punishment upon conviction is fixed at not more than thirty days in jail or a fine of not exceeding one hundred dollars.

Section 694.1 of the 1966 Code provides: "Whoever is convicted of an assault, or an assault and battery, where no other punishment is prescribed, shall be imprisoned in the county jail not exceeding thirty days, or be fined not exceeding one hundred dollars."

In claiming that section 743.9, Code of 1966, is unconstitutional, appellant relies upon three principal grounds. They are, that the statute is vague and ambiguous in violation of Amendment 14, Section 1, of the Constitution of the United States, that it constitutes cruel and unusual punishment in violation of Amendment 8 of the Constitution of the United States and Article I, Section 17, of the Constitution of the State of Iowa, and that it is not uniform in operation in violation of Article I, Section 6, of the Constitution of the State of Iowa.

■ Statutory construction and interpretation is the exclusive function of the court and, in exercising that function, every reasonable presumption is indulged in favor of constitutionality. State v. Holt, Iowa, 156 N.W.2d 884, 889; State v. Halverson, Iowa, 155 N.W.2d 177, 182; Borden v. Selden, 259 Iowa 808, 146 N.W.2d 306, 310.

■ One who challenges legislation on constitutional grounds, of course, assumes the burden to negate every reasonable basis to sustain it. Iowa Natural Resources Council v. Van Zee, Iowa, 158 N.W.2d 111, 116; Green v. City of Mt. Pleasant, 256 Iowa 1184, 1196, 131 N.W.2d 5, 13; State v. Holt, supra; State v. Halverson, supra; State v. Di Paglia, 247 Iowa 79, 85, 71 N.W. 2d 601, 604, 49 A.L.R.2d 1223.

Appellant maintains that the words "not being a felony" used in this statute are confusing to men of common intelligence, that they necessarily involve an issue of fact as to the extent of the premeditated injury on the person of others, and that their use requires the State to prove this assault was no more than a simple assault. We find these contentions without merit.

■■ Of course, penal laws and criminal statutes are not elastic and are to be strictly construed and not held to include charges plainly without the fair scope and intendment of the language of the statute, although within its reason and policy, and .

in event of any doubts they are to be resolved in favor of the accused. State v. Hill, 244 Iowa 405, 407, 57 N.W.2d 58, 59, and many citations. But we have often stated that if the language of a statute when given its plain and rational meaning is precise and free from ambiguity, no more is necessary than to apply to the words used their ordinary sense in connection with the subject considered. State v. Valeu, 257 Iowa 867, 869, 134 N.W.2d 911, 912, and many citations.

■ Lesser offenses in combination with each other may be designated by the legislative body as felonies, and punishment prescribed accordingly. Spies v. United States, 317 U.S. 492, 63 S.Ct. 364, 87 L.Ed. 418.

The punishment prescribed for unlawful assembly under section 743.2, and for simple assault under section 694.1, classify these unlawful acts as misdemeanors, not felonies. When such prohibited acts are combined, the resultant crime is designated by section 743.9 as a felony, prescribing punishment by imprisonment in the penitentiary. Our legislature so provided, even though premeditated injury inflicted upon the person of another, standing alone, might not constitute a felony. We do not understand appellant to contend the legislature may not do this by proper legislation so long as the statute is sufficiently clear and inclusive that men of common intelligence need not guess at its meaning.

■ The trial court had no difficulty with the meaning of the language used in section 743.9, and neither do we. It found the express intent of the legislature was to prescribe suitable punishment for a combination of two offenses. We also find no ambiguity in this section and hold section 743.9 provides felony punishment for violation of a combination of two offenses, which if separately committed may not amount to more than misdemeanors.

■ We are satisfied the legislature expressed its intent that the premeditated as-

sault referred to in this section need not amount to a felony, and we do not find the punishment prescribed for this type of offense is disproportionate to the seriousness of the offense. In these days of mass demonstrations and riotous assaults on persons and property, no doubt that section of our code will receive more consideration by county attorneys and more use in dealing with this type of crime. Of course, spare prior use of this statute by State officers does not make it of nonuniform application.

Generally, the extent or duration of incarceration authorized by statute is not a manifestation of cruel and unusual punishment, but these terms are usually used in reference to the character of the punishment. 24B C.J.S. Criminal Law § 1978, pp. 551–552.

Since the legislature in its wisdom may provide a more severe punishment for a combination of offenses than for each offense standing alone, it is clear to us the punishment prescribed for this combination does not shock the conscience and sense of justice sufficient to void this statute.

In light of the above, we hold section 743.9, Code of 1966, is not unconstitutional as it is neither vague nor ambiguous, nor does it constitute cruel and unusual punishment, and it is not nonuniform in operation.

II. The trial court would not permit defendant's counsel to argue to the jury that this law was only applicable to simple assaults and that if the assault here was found to be greater than a simple assault the verdict should be not guilty. It also refused to instruct the jury as to the meaning of the terms "felony" and "misdemeanor." Appellant takes the position that this was error, and argues that if the evidence showed a felonious assault he could not be found guilty as charged, that instructions were necessary to aid the jury's determination of that fact. It is an ingenious argument, but not very persuasive.

It would indeed be a strange interpretation of this statute to hold that if the assault was too severe the accused could escape punishment for the combined offenses. We must reject the argument.

The court properly told the jury that, if it found defendant did inflict a premeditated injury upon other persons while engaged in riotous conduct, it could find him guilty as charged. There was substantial evidence of defendant's participation in riotous conduct and of his premeditated assault upon the boys from Centerville. This evidence was sufficient under the statute to submit the case to the jury. The court properly rejected any effort to insert the factual issue as to the severity of the assault. It correctly held that, to convict under this statute, the assault need not amount to a felony. To have inserted that issue in this case would have resulted in reversible error. We thus conclude the trial court did not err in failing to declare a mistrial or grant defendant a new trial based upon the alleged uncertainty of the statutory provisions in section 743.9.

III. Complaint is also made that the county attorney read the indictment to the jury, which made it aware of the confusing phrase "not being a felony" used in the statute. Of course, the reading of the indictment by the county attorney was required, and there is nothing shown to sustain the contention that this reference did confuse the jury. It must be assumed the jury took note of and followed the court's instructions on this matter, and we find no reversible error in the instructions given herein.

As heretofore stated, appellant complains of the court's failure to submit to the jury his requested instructions regarding definitions of the words "felony" and "misdemeanor." From what we have said it is clear any distinction between these crimes was not for the consideration of the jury under the crime charged, and the court did not err in refusing to permit the

jury to make the determination as to whether the premeditated injury inflicted on the person of another amounted to more than a misdemeanor.

IV. Appellant next argues that certain testimony of the witness Lois Davis, which was admitted over objection, constituted error in that it was not set out in the minutes of testimony in the grand jury indictment. This testimony dealt with the essence of a conversation she had with the defendant about a week after the fight. Appellant, mistakenly we think, also maintains this testimony was the only evidence of premeditation.

█ In any event, it appears well established in this jurisdiction that a witness, examined before the indicting grand jury, the minutes of whose evidence are properly returned and filed, may be examined in the trial concerning material matters not disclosed by such minutes. State v. Thom, 236 Iowa 129, 131, 17 N.W.2d 96, 97, and citations. Also see State v. Miller, 259 Iowa 188, 196, 142 N.W.2d 394, 399; State v. Powell, 237 Iowa 1227, 1248–1249, 24 N.W. 2d 769, 781; State v. Harding, 204 Iowa 1135, 1150, 216 N.W. 642, 649; State v. Perkins, 143 Iowa 55, 56, 57, 120 N.W. 62, 63, 21 L.R.A.,N.S., 931, 20 Ann.Cas. 1217, and citations.

In the case at bar detailed testimony of the witness Lois Davis was set out in the minutes of testimony before the grand jury. It included a complete account of the altercation as well as testimony as to a conversation shortly following in which she said the defendant told her "that this was the third Centerville carload that 'we have beaten up tonight.'"

█ In addition to that testimony she was allowed to testify, over objections, to another conversation she had with the defendant about a week after the altercation. She said the defendant had told her that "they [defendant and others] had waited for the boys to come out," and to the question, "Did he say how long they had waited?", she replied, "Oh, approximately a half hour." We find no error in the admission of this additional testimony and hold it was admissible under the circumstances.

█ V. Finally, appellant contends the trial court erred in failing to submit to the jury the offense of assault with intent to inflict bodily harm as an included offense. It is true, the general rule requires submission of all offenses which are necessarily included in the indictment and upon which there is sufficient evidence to justify a finding of guilt. Section 694.6, Code 1966; State v. Pilcher, Iowa, 158 N.W.2d 631, 633; State v. Frommelt, Iowa, 159 N.W.2d 532. We believe the court here complied with this rule.

█ The elements of the offense charged were riotous conduct and premeditated injury to another person which need not amount to a felony. In other words, the statute contemplates a combination of minor offenses, and the only possible lesser included offenses that could be submitted thereunder would be misdemeanors, i. e., unlawful assembly and assault and battery. The court properly submitted these lesser included offenses and could not properly submit an issue which was not charged in this indictment, i.e., a felonious assault.

VI. The trial court did not err in denying appellant's motion for a new trial. The competent and material evidence of defendant guilt was more than ample, and the instructions were correct and sufficiently certain and definite. Only proper issues were submitted to the jury and the court correctly denied jury involvement in the matter of statutory construction or interpretation. The judgment was within the statutory limit and under this record must be upheld.

Affirmed.

All Justices concur.