**The STATE of Iowa, Appellant,**

v.

**Frank SEBBEN, Appellee.**

**No. 54171.**

Supreme Court of Iowa.

April 9, 1971.

Rehearing Denied June 14, 1971.

Richard C. Turner, Atty. Gen., Roxanne Barton Conlin, Asst. Atty. Gen., E. Michael Carr, Manchester, County Atty., for appellant.

William C. Fuerste, of Fuerste & Carew, Dubuque, for appellee.

MASON, Justice.

The State appeals from the trial court's ruling directing the jury to return a verdict of not guilty in favor of defendant Frank Sebben.

Sebben had been charged by county attorney's information with failing to stop and remain at the scene of an accident and give information in violation of section 321.261, Iowa Code, 1966. The State alleged in the information Sebben committed the offense June 18, 1969 in Delaware county by failing to immediately stop his vehicle and remain at the scene of a fatal accident in which he was involved and by failing to fulfill the requirement of section 321.263, all in violation of section 321.261. The State filed bills of particulars in compliance with court orders on September 26 and November 6, 1969. In the supplemental bill the State alleged the person injured was Ernest Robert Wilson who died immediately after impact.

Following defendant's plea of not guilty trial to a jury commenced. Before any testimony was taken defendant stipulated by his counsel that he was the driver of the eastbound vehicle which had struck the person of Ernest Robert Wilson.

At the close of the State's evidence defendant moved for a directed verdict asserting the State failed to generate a jury question on the issue of defendant's noncompliance with: (1) the portion of the information charging him with failure to give information to the person struck in violation of section 321.263 and the provision of this section incorporated by reference in section 321.261 and (2) the portion of the information which, in its particulars, charged defendant specifically with failure to assist the person injured.

He urged in support of these grounds that the record affirmatively showed a legal impossibility for his compliance with either of the statutory provisions he is charged with violating since "no person struck" and "no person injured" was legally and factually extant at any time after impact to inform or give assistance.

The trial court sustained defendant's motion on both grounds.

Some factual background leading to the criminal charge will be helpful.

About 2 a. m. June 18, William C. Money was driving a westbound truck on route 20 immediately south of Earlville when he observed an approaching eastbound car swerve twice into his lane of traffic and then pass his struck. After the eastbound car had passed, Money saw a man lying on the south side of the paved portion of the highway near the point where the eastbound car had made the second swerve. Money pulled his truck onto the right shoulder, stopped, walked over to the spot and found the man dead.

Money noticed the car which had swerved at him stopped at the first crossroad approximately a half mile east.

Money went to a nearby motel to call the highway patrol. He estimated he was gone about 15 to 20 minutes. When he returned there were two eastbound trucks parked on the south shoulder about 300 feet east of his truck.

Money suggested the two drivers watch the car parked at the east crossroad while he moved his truck into a position to protect the body. As the other two truck drivers were putting out fuses, defendant who had been parked at the crossroad drove back to the scene, passed the east trucks and had some conversation with one truck driver. The other driver took the license number of defendant's car and noticed the right headlight was out and the fender dented. Defendant proceeded west and parked facing east in front of Money's truck, got out of the car and in a brief conversation with Money inquired what had happened. When Money said it looked like a hit-and-run accident, defendant asked if he had seen the driver. When Money replied "no," defendant returned to his automobile and left.

Investigation by peace officers resulted in the filing of a county attorney's information against Sebben.

I. The State assigns one error relied on for reversal contending the court erred in directing a verdict for defendant on the grounds asserted in his motion.

The State argues the fact that an injured person is unconscious and unable to receive information required by section 321.263 or is dead and therefore not in need of assistance does not excuse failure to stop or to comply with the provisions of the statute.

We set out the pertinent terms of the statutes involved.

Section 321.261 provides:

"Death or personal injuries. The driver of any vehicle involved in an accident resulting in injury to or death of any person shall immediately stop such vehicle at the scene of such accident or as close thereto as possible but shall then forthwith return to and in every event shall remain at the scene of the accident until he has fulfilled the requirements of section 321.-263. Every such stop shall be made without obstructing traffic more than is necessary.

"Any person failing to stop or to comply with said requirements under such circumstances shall upon conviction be punished by imprisonment for not less than thirty days nor more than one year or by fine of not less than one hundred dollars nor more than five thousand dollars, or by both such fine and imprisonment.

"* * *."

Section 321.263 provides:

"The driver of any vehicle involved in an accident resulting in injury to or death of any person or damage to any vehicle which is driven or attended by any person shall give his name, address, and the registration number of the vehicle he is driving and shall upon request and if available exhibit his operator's or chauffeur's license to the person struck or the driver or occupant of or person attending any vehicle collided with and shall render to

any person injured in such accident reasonable assistance, including the carrying, or the making of arrangements for the carrying, of such person to a physician, surgeon, or hospital for medical or surgical treatment if it is apparent that such treatment is necessary or if such carrying is requested by the injured person."

The fundamental rule of statutory construction is to ascertain and, if possible, give effect to the intention or purpose of the legislature as expressed in the statute. Such construction must be reasonable and must be sensibly and fairly made with the view of carrying out the obvious intention of the legislature enacting it. Janson v. Fulton, 162 N.W.2d 438, 442–443 (Iowa 1968); Hedges v. Conder, 166 N.W.2d 844, 852 (Iowa 1969); State v. Hanna, 179 N.W.2d 503, 506 (Iowa 1970).

We agree with the State's suggestion that the manifest intent of section 321.261 is to prevent a motorist involved in personal injury or property damage accidents from evading liability, civil or criminal, as a result of such accident, by escaping before his identity can be established. Further, it is clear that the legislature intended to protect persons from distress or danger from additional mutilation and exposure, for want of proper treatment.

The State cites the following decisions in support of this pronouncement as being the legislative intent for enactment of similar statutes in their jurisdictions. State v. Milligan, 87 Ariz. 165, 349 P.2d 180, 183; People v. Nails, 9 Ill.App.2d 417, 133 N.E. 2d 310 (only abstract published), affirmed 10 Ill.2d 279, 139 N.E.2d 744; State v. Gill, 47 N.J. 441, 221 A.2d 521, 522; State v. Clark, 67 S.D. 133, 290 N.W. 237, 239; State v. Severance, 120 Vt. 268, 138 A.2d 425, 428. State v. Milligan and State v. Severance, both supra, are somewhat more specific in that they refer to "for want of proper medical or surgical treatment." Section 321.263 refers to "medical or surgical treatment if it is apparent that such treatment is necessary."

The gist of the offense is in concealing or attempting to conceal the identity of one involved in an automobile accident wherein personal injuries are sustained. On-the-spot identification of the offending driver, so far as possible, is intended by the statute.

The statutes under consideration impose upon the driver of the vehicle an obligation which is not passive but requires positive action, that is to say, to stop at the scene or as close thereto as possible, in which event he shall forthwith return to the scene, give information required under the terms of section 321.263 and give aid and assistance, including carrying or making arrangements for the carrying of the person struck to a physician, surgeon or hospital for medical treatment under the conditions specified.

These statutes are to be differentiated from the independent reporting duties set forth in section 321.266 of a driver of a vehicle involved in an accident resulting in injury or death to any person. That statute is not involved in this proceeding.

The first duty of the driver of a vehicle involved in an automobile accident under 321.261 is to stop and from there on it follows that he has the additional duties specified in 321.263, each of which are separate and distinct under the statute. When separate and distinct acts are required by the terms of the statute the omission of any one or more of them constitutes a violation. State v. Reynolds, 229 Or. 167, 366 P.2d 524, 526; State v. Severance, 120 Vt. 268 at 273, 138 A.2d 425 at 428; 61A C.J.S. Motor Vehicles § 674(1)a.

There is no evidence whatever defendant at any time sought to reveal his identity to anyone or was interested in doing so. On the contrary, all evidence points to its deliberate concealment. As stated, defendant stopped at the first crossroad east of the scene and returned within a short time. Nevertheless, when Money told him he had not seen the driver of the vehicle involved defendant left without complying with any

of the statutory requirements of section 321.263.

▇ It is defendant's position he was not accused because "he did not stop" within the purview of the statute but was accused because he did not stop *and* comply with the requirements of section 321.263, specifically the giving of information to the person struck, but also impliedly the rendering of assistance to the person struck.

In this connection defendant returns to the argument urged in the trial court in support of his motion for directed verdict—that requirements of the statute under the facts as particularized were a legal impossibility since Wilson was killed instantly by the impact there was "no person struck" and "no person injured" to whom he could have rendered assistance or given information. Under these circumstances the statute fails to provide him with a plain method of discharging his duty and is so vague, indefinite, uncertain and broad he could not be charged with knowledge of the duties with which he must comply.

Defendant relies heavily on Kelley v. State, 233 Ind. 294, 119 N.E.2d 322, 324. In the cited case defendant was charged in one count with manslaughter and in the other, with leaving the scene of an accident without stopping and giving his name, resident street and number and license number under an identical statute. He had struck and instantly killed the victim. Following a jury trial he was acquitted of the manslaughter charge and convicted of leaving the scene of an accident as charged.

On appeal his conviction was reversed. The court determined, "the defendant is not required under this statute to give the information to anyone other than those designated by the statute. The argument that, under the circumstances, he should have given the required information to someone else should be made to the legislature, not to the courts."

Under this construction since defendant is not required under section 321.263 to give information to anyone other than those designated by the statute then where, as here, no other vehicle is involved and the person struck is instantly killed defendant could not be subjected to criminal responsibility because of the legal impossibility of complying with the statute requirements to inform.

This conclusion finds support in the fundamental rule articulated by this court that in the construction of a statute, penal statutes are not elastic and must be construed strictly, or, as is otherwise stated, strictly construed against the state. The rule of strict construction means that such statutes cannot by construction be enlarged by implication or intendment beyond the fair scope and meaning of the language used to embrace offenses plainly without the letter though within the reason and policy of the law. State v. McNeal, 167 N.W. 2d 674, 677 (Iowa 1969) and State v. Nelson, 178 N.W.2d 434, 437 (Iowa 1970) and citations in these opinions.

We hold the State failed to generate a jury question on the issue of defendant's noncompliance with the portion of the information charging him with failure to give information to the person struck in violation of 321.263. Defendant's omission to act in this respect should have been withdrawn from jury consideration.

However, this does not entirely dispose of the problem presented by the State's assignment.

▇ Obviously, the failure to stop which we have said is the first duty of a driver of a vehicle involved in an automobile accident under 321.261, is a violation of the statute and notwithstanding the injunction to stop should be complied with, the accused would still be guilty if he failed to comply with the various provisions of 321.263 which include the duty to render assistance.

Certainly, if the struck person was unconscious the driver would be obligated to render reasonable assistance which

might well include either carrying the injured person or making arrangements for carrying such person to a physician, surgeon or hospital for medical treatment. It cannot logically be argued the offending driver would be relieved from criminal responsibility under those circumstances for failure to comply with this distinct and separate requirement of the statute for the reason it was legally impossible to render assistance to the person injured. People v. Nails, 10 Ill.2d 279 at 287, 139 N.E.2d 744 at 748, 62 A.L.R.2d 1124.

It has been stated that a purpose of the "hit-and-run" statute is to compel necessary assistance to those who have been injured. People v. Green, 96 Cal.App.2d 283, 215 P.2d 127, 130.

We have stated many times a statute should not be so strictly construed as to defeat its purpose. See State v. Nelson, 178 N.W.2d at 437 and Isaacson v. Iowa State Tax Commission, 183 N.W.2d 693, 695 (Iowa 1971). In the last cited case we employed this language:

"In construing a statute, the court must look to the object to be accomplished, the evils and mischief sought to be remedied, or the purpose to be subserved, and place on it a reasonable or liberal construction which will best effect its purpose rather than one which will defeat it."

We construe section 321.263 to express the legislative intent that where no other vehicle is involved and the person struck is rendered unconscious or instantly killed a duty is imposed on the offending driver to render to the person struck assistance which would reasonably appear to him, as an ordinary person, at the time to be necessary. Ordinarily, it will be for the trier of fact to say whether the driver has fulfilled this duty.

As must be apparent defendant urges the same argument in support of the trial court's ruling ir sustaining the second ground of his motion as employed in support of the ruling on the first ground. Much of what was said in considering that phase of the State's assignment applies here and need not be repeated except to state that although the evidence showed defendant stopped or returned to the scene, the State's case does not fail where it generates a jury question of the issue of his failure to render reasonable assistance, a separate and distinct requirement of 321.263.

We hold a jury question was generated under the circumstances and it was error for the trial court to direct a verdict for defendant on this issue since impossibility was not involved.

II. We call the legislature's attention to the fact 321.263 does not direct to whom an offending driver is required to give the information specified in this section when no other vehicle is involved in the accident and the person struck is rendered unconscious or instantly killed.

Of course, the judgment of the trial court is a finality with respect to the discharge of the defendant, State v. Wardenburg, 261 Iowa 1395, 1406, 158 N.W.2d 147, 154; State v. Hanna, 179 N.W.2d 503, 508 (Iowa 1970), but its action in directing a verdict for defendant is

Reversed, but not remanded.

All Justices concur except UHLENHOPP, J., who concurs specially.

UHLENHOPP, Justice (concurring).

It would seem that a jury question was also presented as to whether defendant violated the requirement that a driver "shall immediately stop such vehicle *at the scene* of such accident or *as close thereto as possible*". Code, 1966, § 321.261 (italics added). Defendant drove on three-tenths of a mile to a half mile. Three-tenths of a mile would be 1,584 feet. Surely it was "possible" for defendant to stop in a shorter distance than that—or the jury could so find. See People v. Steele, 100 Cal.App. 639, 646, 280 P. 999, 1002 (the defendant drove on four blocks—"Whatever may be required under the circumstances must therefore necessarily be a question of fact to be determined by the jury"). A main purpose of the stopping requirement is to

make clear from the position of the vehicle itself what vehicle and driver were involved, and that purpose is frustrated if the driver does not "immediately stop" at "the scene" or as close "as possible." See State v. Milligan, 87 Ariz. 165, 349 P.2d 180; People v. Scofield, 203 Cal. 703, 265 P. 914; People v. Foreman, 205 Cal.App.2d 485, 22 Cal.Rptr. 925; People v. Nails, 10 Ill.2d 279, 139 N.E.2d 744; People v. Hoaglin, 262 Mich. 162, 247 N.W. 141; State v. Mealey, 100 N.H. 228, 122 A.2d 921.

The statutory requirements to stop and to render aid are separate. § 321.261 ("Any person failing to stop *or* comply with said requirements under such circumstances shall upon conviction be punished"—italics added); State v. Severance, 120 Vt. 268, 273, 138 A.2d 425, 428 ("where several distinct acts are required the omission of any one or more of them constitutes a violation"); People v. Scofield, 203 Cal. 703, 265 P. 914; People v. Steele, 100 Cal.App. 639, 280 P. 999. Failure to stop in the manner required is in itself a violation of the statute. State v. Severance, 120 Vt. 268, 273, 138 A.2d 425, 428–429 ("it can not be said that he was not required to stop even though it should subsequently develop that no assistance could be rendered"); State v. Clark, 67 S.D. 133, 290 N.W. 237; Garcia v. State, 131 Tex.Cr.R. 84, 96 S.W. 2d 977.