Strafford
No. 6530

STATE OF NEW HAMPSHIRE

v.

RAY ALLEN HOYT

April 30, 1974

*Warren B. Rudman,* attorney general, and *Thomas D. Rath,* assistant attorney general, by brief, for the State.

*Alfred Catalfo, Jr.* and *Daniel M. Cappiello,* by brief, for the defendant.

PER CURIAM. This is an appeal from a jury verdict of guilty upon a trial under an indictment charging the de-

fendant, having been convicted of a felony, with possession of a pistol in violation of RSA 159:3. The defendant claims that the indictment charges two separate and distinct offenses, is duplicitous and "bad for uncertainty." *State v. Gary,* 36 N.H. 359, 361-62 (1858); *State v. Mealey,* 100 N.H. 228, 122 A.2d 921 (1956).

We do not believe that the record sustains his position. The indictment, describing a felony, states that the defendant did "feloniously have in his possession one Ruger 22 cal. automatic pistol, serial No. 10-25577, which was concealed on his person on the first of May, 1971 while on Main Street in Farmington, when said Ray Allen Hoyt having been convicted of a felony on 2/6/64 in Strafford County Superior Court." RSA 159:3, in force at the time of the alleged offense, so far as material, provides: "No ... person who has been convicted of a felony against the person or property of another, shall own or have in his possession or under his control a pistol or revolver, except as hereinafter provided."

The defendant asserts that the indictment accuses him of an offense not only under RSA 159:3 but also under RSA 159:4 (Supp. 1972). The pertinent portions of section 4 in force at the time of the alleged offense describe a misdemeanor as follows: "No person shall carry a loaded pistol or revolver in any vehicle or concealed upon his person, except in his dwelling house or place of business, without a license therefor as hereinafter provided. A loaded pistol or revolver shall include any pistol or revolver with a magazine, cylinder, chamber or clip in which there are loaded cartridges." RSA 159:4 (Supp. 1972). It appears to us that the indictment clearly and fully charges an offense under section 3 of the statute, but not under section 4. It states that the defendant, having been convicted of felony, thereafter did "have in his possession" and under his control a pistol "concealed on his person on the 1st of May, 1971" on the Main Street in Farmington. Every element of the offense under section 3 is alleged. On the other hand, there would have been no need to have charged the defendant with being a convicted felon if the alleged offense was a violation of section 4, nor would

there have been occasion for a grand jury indictment for the misdemeanor which section 4 describes. RSA 601:1.

However, it would have been necessary under section 4 to allege that the pistol was loaded. No such allegation appears. Finally, in both his motions to suppress, made in advance of trial, counsel stated that the defendant was charged only with violation of RSA "Chapter 159, Section 3." We hold that he was fully and clearly informed by the indictment so that he could properly prepare for the trial. *State v. Strescino,* 106 N.H. 554, 557, 215 A.2d 706, 708 (1965); *State v. Greenwood,* 113 N.H. 625, 312 A.2d 695 (1973). In the event of a conviction he could not have been tried again for the same offense. *State v. O'Neill,* 105 N.H. 15, 191 A.2d 528 (1963). Such authorities as *State v. Mealey,* 100 N.H. 228, 122 A.2d 921 (1956), and *State v. Webster,* 105 N.H. 415, 200 A.2d 856 (1964), cited by the defendant, are clearly distinguishable on their facts from the present situation and do not support the defendant's position. An examination of the entire record discloses no error, and the order is

*Exceptions overruled.*