Nashua District Court
No. 6844

STATE OF NEW HAMPSHIRE

v.

REBECCA J. LAPONSEE

February 28, 1975

*Warren B. Rudman,* attorney general, *Thomas D. Rath* and *David W. Hess,* assistant attorneys general *(Mr. Hess* orally), for the State.

*Robert R. Renfro,* by brief and orally, for the defendant.

LAMPRON, J. Transfer under RSA 502-A:17-a (Supp. 1973) by the Nashua District Court of questions of law raised by the denial of defendant's motions to dismiss two criminal complaints filed against her. These complaints arose out of a single incident alleged to have occurred at 1:29 a.m., December 1, 1973, on East Pearl Street in Nashua. One complaint charges the defendant with making an unreasonable noise in a public place in violation of RSA 644:2 II (b). A second charges her under RSA 642:3 with hindering apprehension or prosecution of a companion for the charge of driving while intoxicated (RSA 262-A:62 (Supp. 1973)), by the same yelling and screaming with which she is charged under the first complaint. Defendant filed a motion to quash each complaint

as being legally deficient. She also moved to dismiss the unreasonable noise complaint because it was a lesser offense included in the hindering complaint and constituted an unreasonable multiplication of charges. Defendant's exceptions to the denial of all her motions were transferred by *Harkaway*, J.

RSA 644:2 provides in part that a person is guilty of disorderly conduct if: "II. with a purpose to cause public inconvenience, annoyance or alarm or recklessly creating a risk thereof... (b) he makes unreasonable noises in a public place." The complaint charges that on a public way defendant "purposely did make an unreasonable noise" and describes her yelling and screaming and a police order to stop which she disobeyed.

The above RSA 644:2 II "contains a number of different offenses, all of which are characterized by the intent to disturb the public." Report of Commission to Recommend Codification of Criminal Laws 100 (1969). The material elements of this particular offense are (1) a purposeful act to cause public inconvenience, annoyance or alarm and (2) doing so by making unreasonable noises in a public place. A fair reading of the complaint shows that it merely charges that the defendant purposely made unreasonable noises on a public way. It failed to charge that the defendant made the noises with "a conscious object" to cause public inconvenience, annoyance or alarm or recklessly creating a risk thereof." W. LaFave & A. Scott, Criminal Law ch. 3, at 198 (1972); *see* N.H. Law Enforcement Manual ch. IX "How to Prepare Complaints" B. "Offenses included in Criminal Code"; RSA 644:2 (1973). As the complaint did not charge the defendant with all the essential elements of the statutory offense for which she was purportedly being prosecuted, her motion to dismiss should have been granted. *State v. Mealey*, 100 N.H. 228, 231, 122 A.2d 921, 924 (1956).

RSA 642:3 provides in part as follows: "Hindering Apprehension or Prosecution I. A person is guilty of an offense if, with a purpose to hinder, prevent or delay the discovery, apprehension, prosecution, conviction or punishment of another for the commission of a crime, he ... (e) obstructs by force, intimidation or deception anyone from performing an act which might aid in the discovery, apprehension, prosecution or conviction of such person." The complaint charges that the defendant "with a purpose to delay the apprehension of one Ralph E. Hitt... for the commission of the crime of Driving while Intoxicated... purposely did hinder ... [named police officers] by continuous yelling and screaming and saying that the above officers were not going to arrest one Ralph E. Hitt...."

RSA 642:3 was first "enacted in 1967 as RSA 590-A:8 (1967 Supp.) as an accessory after the fact statute." Report of Commission to Recommend Codification of Criminal Laws 94 (1969). It then carried a punishment of not more than one thousand dollars or imprisonment for not more than five years or both. Laws 1967, ch. 346. At common law, accessories after the fact existed only in relation to felonies. It was also a requirement that the aid had been given to the felon personally for the purpose of hindering the felon's apprehension, conviction or punishment. W. LaFave & A. Scott, Criminal Law ch. 66, at 522-23 (1972). The idea of aid to the criminal personally is still present in some of the provisions of RSA 642:3 I... (a): harbors or conceals, (b) provides a weapon or transportation, (c) warns, (d) conceals or destroys evidence. Section (e), with which the defendant is charged, has broadened the class of aiders and RSA 642:3 II covers not only aid to felons but also to misdemeanants, which is typical of modern statutes. *Id.* 525.

The issue before us is not whether there was evidence to support a finding of defendant's guilt if the alleged acts were proved, but whether the complaint was sufficient to meet the constitutional requirements of informing the defendant of the offense for which she was charged with sufficient specificity so that she knew what she must be prepared to meet and protected from being put in jeopardy once again for the same offense. *State v. Inselburg,* 114 N.H. 824, 330 A.2d 457 (1974). We hold that the complaint alleged all of the essential elements of a crime under RSA 642:3 I (e) and met the above requirements. *State v. Story,* 97 N.H. 141, 146-47, 83 A.2d 142, 147 (1951); *see* N.H. Law Enforcement Manual ch. IX "How to Prepare Complaints" B. "Offenses included in Criminal Code"; RSA 642:3 (1973).

In view of the result reached there is no need to consider defendant's argument that the complaint for disorderly conduct was included as a lesser offense in the complaint for hindering apprehension or prosecution and should have been dismissed on that ground.

> *Complaint under RSA 644:2 dismissed; defendant's exception to denial of motion to quash complaint under RSA 642:3 overruled.*

All concurred.